ATTORNEY FOR APPELLANT
Ellen M. O'Connor
Marion County Public Defender Agency

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court

**FILED**
Jun 25 2013, 8:52 am
CLERK
of the supreme court,
court of appeals and
tax court

No. 49S02-1304-CR-242

ERVING SANDERS,                                    *Appellant (Defendant),*

v.

STATE OF INDIANA,                                  *Appellee (Plaintiff).*

Appeal from the Marion Superior Court, No. 49G14-1101-FD-6488
The Honorable Jose Salinas, Judge

On Transfer from the Indiana Court of Appeals, No. 49A02-1205-CR-361

**June 25, 2013**

**Dickson, Chief Justice.**

The defendant, facing charges of Possession of Cocaine, a class D felony, has brought this interlocutory appeal from the trial court's denial of his motion to suppress evidence obtained following a traffic stop. Concluding that the motion should have been granted, the Court of Appeals reversed. Sanders v. State, 981 N.E.2d 616, 623 (Ind. Ct. App. 2013). We granted transfer and now affirm the trial court.

In the late afternoon of January 28, 2011, the defendant was driving a 1991 Chevrolet Suburban vehicle with tinted rear side and back windows when an Indianapolis Metropolitan Po-

lice Department officer initiated a traffic stop. Approaching the driver's side window, the officer directed the defendant to roll down the window and informed him of the reason for the stop—his belief that the tinted windows were so dark as to constitute a traffic infraction. At this time, the officer smelled marijuana. The officer asked the defendant about the smell, to which the defendant replied that he had "just smoked a joint."[1] The officer then returned to his patrol car to verify the defendant's driver's license and request backup. When an assisting officer arrived at the scene, the officer requested that the defendant step out of the car, conducted a search of the defendant's person, and retrieved a plastic bag containing a white substance. When the officer questioned the defendant about the substance, asking if it was heroin, the defendant replied in the negative, stating that it was cocaine. At that point, the officer placed the defendant under arrest and took him into custody. Several photographs of the vehicle were taken by an evidence technician roughly one hour after the initial stop; these photographs were admitted in evidence at the subsequent evidentiary hearing.

On January 28, 2011, the State charged the defendant with class D felony Possession of Cocaine. On May 4, 2011, the defendant filed a Motion to Suppress, claiming that the evidence obtained by the officer's search was "a result of illegal actions by the police officers involved," most notably, "the lack of probable cause to stop" the defendant and to search his person. Motion to Suppress, Appellant's App'x at 24. The trial court held evidentiary hearings on the motion on May 4 and June 1, 2011. In July 2011, the defendant filed, and the trial court granted, a motion to allow an expert to view the automobile to measure the tint of the windows, which was found to be legally within the statutorily defined limits. Notwithstanding these findings, the court ultimately denied the defendant's motion, finding that an officer's good faith subjective belief of violation of a traffic law is enough to justify the initial stop, even if it is later found that the traffic law has not in fact been violated.

On interlocutory appeal, claiming violation of the Fourth Amendment,[2] U.S. Const. amend. IV, the defendant asserted that the officer's "subjective interpretation of identity and tint

---

[1] The defendant disputes this fact, claiming that the officer asked, "do you smoke marijuana?" and the defendant replied "No." Appellant's Br. at 5.
[2] The defendant makes no Indiana constitutional claims, relying wholly on the United States Constitution.

did not justify his traffic stop of [the defendant's] Chevy Suburban, which objectively complied with Indiana's Window Tint Statute. His mistaken application of the statute did not justify a good faith exception to uphold the stop . . . ." Appellant's Br. at 8. The Court of Appeals, agreeing with the defendant, reversed the ruling of the trial court, finding that there was no "objectively justifiable reason for the stop of the vehicle." Sanders, 981 N.E.2d at 623. We granted transfer, thereby automatically vacating the opinion of the Court of Appeals, Ind. Appellate Rule 58(A), and thus consider this appeal anew.

We review a trial court's denial of a motion to suppress in a manner similar to review of other sufficiency issues. Taylor v. State, 689 N.E.2d 699, 702 (Ind. 1997). There must be substantial evidence of probative value in the record to support the ruling of the trial court. *Id.* We do not reweigh the evidence, and we consider conflicting evidence most favorably to the trial court's ruling. *Id.* We review *de novo* the determination of reasonable suspicion for a warrantless search. Myers v. State, 839 N.E.2d 1154, 1160 (Ind. 2005) (citing Ornelas v. United States, 517 U.S. 690, 694–700, 116 S. Ct. 1657, 1660–64, 134 L. Ed. 2d 911, 917–21 (1996)).

The defendant's primary argument is that the initial traffic stop made by the officer was unjustified because the officer's belief that the window tint on the defendant's rear side and back windows violated the Indiana Window Tint Statute[3] was later invalidated through inspection of the vehicle by the defendant's expert. Because the tint *objectively* complied with the Window Tint Statute, the defendant argues, the officer's "*subjective* interpretation of identity and tint did not justify his traffic stop." Appellant's Br. at 8 (emphasis added). Therefore, the defendant

---

[3] Indiana Code Section 9-19-19-4(c) provides:
A person may not drive a motor vehicle that has a:
    (1) windshield;
    (2) side wing;
    (3) side window that is part of a front door; or
    (4) rear back window;
that is covered by or treated with sunscreening material or is tinted to the extent or manufactured in a way that the occupants of the vehicle cannot be easily identified or recognized through that window from outside the vehicle. However, it is a defense if the sunscreening material applied to those windows has a total solar reflectance of visible light of not more than twenty-five percent (25%) as measured on the nonfilm side and light transmittance of at least thirty percent (30%) in the visible light range.

claims, any evidence seized through the subsequent search of the defendant's person is the product of a pretextual investigatory stop in violation of the Fourth Amendment.

The Fourth Amendment protects individuals against unreasonable searches and seizures, so that they may "be secure in their persons, houses, papers, and effects." U.S. Const. amend. IV. This protection has been extended to the states through the Fourteenth Amendment. Mapp v. Ohio, 367 U.S. 643, 650, 81 S. Ct. 1684, 1689, 6 L. Ed. 2d 1081, 1087 (1961). The Fourth Amendment generally prohibits a warrantless search unless a valid exception to the warrant requirement exists. Berry v. State, 704 N.E.2d 462, 465 (1998). Probable cause is a recognized exception. *Id.* (citing Robles v. State, 510 N.E.2d 660, 664 (Ind. 1987)). Further, a traffic stop and limited search is permissible where an officer has at least reasonable suspicion that a traffic law, or other law, has been violated. *Id.*; *see also* Meredith v. State, 906 N.E.2d 867, 869 (Ind. 2009).

The Indiana Window Tint Statute prohibits operation of a motor vehicle that has windows tinted in such a way that "the occupants of the vehicle cannot be easily identified or recognized through [those] window[s] from outside the vehicle." Ind. Code § 9-19-19-4(c). It is an affirmative defense if the solar reflectance of visible light is not more than 25% and the light transmittance is at least than 30%. *Id.* Here, the officer testified that he initiated a traffic stop of the defendant's vehicle based on his perception that the tint of the vehicle's windows was so dark that he could not "clearly recognize or identify the occupant inside." Tr. at 6. However, the defendant's expert later testified that the tinted windows had a light transmittance of 38%, *id.* at 80, within the legal range. Such proof of compliance with the Window Tint Statute undoubtedly relieves the defendant of any liability for a window tint violation. However, it does not serve to vitiate the legality of the traffic stop. The officer's belief, based on the fact that he could not "clearly recognize or identify the occupant inside," *id.* at 6, that the window tint violated the Window Tint Statute, coupled with the fact that the actual tint closely borders the statutory limit, leads us to conclude that the officer had reasonable suspicion to make the initial stop. Considering this testimony in the light most favorable to the trial court's ruling, as we must, the evidence clearly supports the ruling of the trial court.

4

The defendant also contends that the initial traffic stop was invalid under Indiana Code Section 34-28-5-3, which authorizes a law enforcement officer to detain an individual for a limited time if the officer "believes in good faith that a person has committed an infraction or ordinance violation." Ind. Code. § 34-28-5-3. The defendant argues that the officer's belief that the defendant had committed a violation of the Window Tint Statute was not in good faith because, after subsequent testing, the defendant's window tint was found to be in compliance with the statute. Appellant's Br. at 10 (citing Ransom v. State, 741 N.E.2d 419, 422 (Ind. Ct. App. 2000) ("[A]n officer's mistaken belief about what constitutes a violation does not amount to good faith. Such discretion is not constitutionally permissible.")). We disagree. In Ransom, an individual was driving along a narrow street when he encountered an approaching police vehicle. Recognizing that both vehicles could not pass simultaneously, the driver put his vehicle in reverse and backed around the corner. The officer stopped the driver's vehicle for "operating in reverse," and subsequently discovered a handgun. The court found that "operating in reverse" was an infraction which did not exist at law and that the driver's behavior was not in violation of the reckless driving statute or any other state law. Thus, the court held, the officer "did not have an objectively justifiable reason for stopping [the driver]," and the traffic stop was not lawful. Ransom, 741 N.E.2d at 422.

This case is easily distinguished from Ransom because here, the apparent infraction for which the defendant's vehicle was initially stopped does in fact exist at law. Although the officer was ultimately mistaken in his belief that a violation occurred, the traffic stop was based upon a good faith, reasonable belief that a statutory infraction had occurred and thus we are unable to say that the traffic stop was not lawful.

**Conclusion**

We hold that the officer had reasonable suspicion that the tint on the windows of the defendant's vehicle was in violation of the Window Tint Statute such that the initial stop was justified. At the initial stop, the officer smelled marijuana, which provided probable cause to search the defendant's person. The search of the defendant's person revealed a bag of cocaine, the evidence at issue in this case. Because the evidence was obtained as a result of a fully justified and

legal search, the trial court was correct in denying the defendant's motion to suppress. We hereby affirm the ruling of the trial court.

Rucker, David, Massa, and Rush, JJ., concur.