**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Nov 05 2013, 5:49 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DEBORAH MARKISOHN**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ERIC POWELL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1303-CR-226 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Rebekah F. Pierson-Treacy, Judge
The Honorable Shatrese Flowers, Commissioner
Cause No. 49F19-1211-CM-77305

**November 5, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

Eric Powell appeals his conviction for Class A misdemeanor possession of marijuana. Powell was stopped for a City of Indianapolis ordinance violation—jaywalking. He was asked his name and the officer performed a warrant search, which disclosed that Powell had an outstanding warrant. A search of Powell incident to his arrest found six small bags of marijuana. He argues that the police officer's request for identification and search for outstanding arrest warrants exceeded the stated purpose of the stop and was not reasonable under Article 1, Section 11 of the Indiana Constitution. We disagree and affirm.

**Facts and Procedural History**

During the day on November 12, 2012, Indianapolis Metropolitan Police Department Officer John Walters was patrolling near the 4100 block of Brentwood Drive. He saw two men, Powell and an acquaintance, crossing the street. The two men did not use a crosswalk and there were "no designations for a crossing for pedestrian traffic in that area." Tr. p. 8.

Officer Walters pulled up next to them, activated his siren, and stopped Powell and his acquaintance for violating the city's jaywalking ordinance, which states that "[p]edestrians shall cross streets only at intersections or at other places that may be designated therefor pursuant to this chapter." *See* Indianapolis-Marion Cnty, Ind., Code § 441-108, *available at* http://library.municode.com/HTML/12016/level3/TITIIPUORSA _CH441TR_ARTIINGE.html#TITIIPUORSA_CH441TR_ARTIINGE_S441-108DUPE. Officer Walters then asked the men to provide identification.

The officer checked whether the men had any outstanding warrants. A search revealed that Powell had an outstanding warrant for Class C felony battery in Marion County.

Officer Walters arrested Powell pursuant to the open warrant. A search incident to the arrest revealed marijuana in his jacket pocket. The marijuana was in six small plastic bags inside a larger bag and weighed an aggregate of 8.04 grams. Ex. 2.

The State charged Powell with Class A misdemeanor possession of marijuana and Class A misdemeanor dealing in marijuana. Appellant's App. p. 14-15.

A bench trial was held. At trial, defense counsel moved to suppress any evidence related to the stop on the basis of Article 1, Section 11 of the Indiana Constitution and the Fourth Amendment of the United States Constitution, arguing that Powell did not violate the city ordinance. Tr. p. 12-13. The trial court denied the motion to suppress. *Id.* at 18.

At the conclusion of the trial, the court found Powell not guilty of Class A misdemeanor dealing in marijuana but guilty of Class A misdemeanor possession of marijuana. *Id.* at 28-29. The trial court sentenced him to sixty days executed in the Marion County Jail. *Id.* at 33.

Powell now appeals.

**Discussion and Decision**

Powell argues that Officer Walters's request for his identification and search for outstanding warrants was not reasonable under Article 1, Section 11 of the Indiana Constitution.[1] The State argues that Powell waived this argument on appeal because he is

---

[1] Powell does not make an argument under the Fourth Amendment of the U.S. Constitution.

3

appealing on a different basis than he objected at trial. In particular, the State contends that at trial Powell argued that he did not violate the City of Indianapolis's ordinance, but now argues that the officer unreasonably prolonged his detention by asking for his identification and checking his warrant status. The State is correct that Powell waived the issue on this basis. *Abran v. State*, 825 N.E.2d 384, 389 (Ind. Ct. App. 2005), *trans. denied*. [2] Because this Court has a long-established preference for deciding cases on the merits, we address the merits of this case. *See, e.g.*, *Butler v. State*, 933 N.E.2d 33, 36 (Ind. Ct. App. 2010).

The admissibility of evidence is within the sound discretion of the trial court, whose decision is afforded great deference on appeal. *Bacher v. State*, 686 N.E.2d 791, 793 (Ind. 1997). We do not reweigh the evidence, and we consider conflicting evidence most favorable to the judgment. *Gunn v. State*, 956 N.E.2d 136, 138 (Ind. Ct. App. 2011). However, this Court reviews de novo the trial court's determination that reasonable suspicion exists. *Sanders v. State*, 989 N.E.2d 332, 334 (Ind. 2013), *reh'g denied*.

Article 1, Section 11 of the Indiana Constitution focuses on the reasonableness of police conduct as judged by the totality of the circumstances. *Litchfield v. State*, 824 N.E.2d 356, 359 (Ind. 2005). We determine reasonableness under the Indiana Constitution by balancing "1) the degree of concern, suspicion, or knowledge that a violation has occurred, 2) the degree of intrusion the method of search or seizure imposes on the citizen's

---

[2] The State also argues that Powell waived the issue because he did not object when Officer Walters testified to finding marijuana on him. However, Powell did not waive the issue by failing to object. When a witness testifies immediately after the trial court rules on a mid-trial motion, the opposing party need not object again, and the issue is preserved for appeal. *Wilkes v. State*, 917 N.E.2d 675, 685 (Ind. 2009).

ordinary activities, and 3) the extent of law enforcement needs." *Id.* at 361. The seizure of a person is included within the protections guaranteed by Article 1, Section 11. *State v. Atkins*, 834 N.E.2d 1028, 1034 (Ind. Ct. App. 2005), *trans. denied*. The State must prove that the search was reasonable under the totality of the circumstances. *Clark v. State*, 994 N.E.2d 252, 260 (Ind. 2013).

Here, Officer Walters's decision to detain Powell and search for an outstanding arrest warrant was reasonable. It is well settled that a police officer may briefly detain someone whom the officer believes has committed an infraction or ordinance violation. *State v. Harris*, 702 N.E.2d 722, 726 (Ind. Ct. App. 1998).

Officer Walters stated that he saw Powell and his acquaintance crossing the street without using a crosswalk and not at an intersection. Tr. p. 8. Powell's conduct violated the Indianapolis-Marion County Municipal Code against jaywalking. Indianapolis-Marion Cnty., Ind., Code § 441-108(a). Because Powell and his acquaintance did not cross the street at an intersection or at other places that may be designated for crossing the street, Officer Walters concluded that the individuals violated the ordinance and stopped them.

Indiana Code section 34-28-5-3 states that "[w]henever a law enforcement officer believes in good faith that a person has committed an infraction or ordinance violation, the law enforcement officer may detain that person for a time sufficient to . . . obtain the person's name, address, and date of birth . . . ." Ind. Code § 34-28-5-3. Refusal to provide one's name, address, and date of birth to a law-enforcement officer results in a Class C misdemeanor. *Id.* § 34-28-5-3.5(1). Asking for Powell's name, address, and date of birth was reasonable. In fact, Powell's refusal to furnish such information would be a crime.

5

Moreover, Officer Walters's decision to briefly detain Powell to search for outstanding warrants was valid under Article 1, Section 11. First, Officer Walters saw Powell commit an ordinance violation. Second, the degree of intrusion of briefly detaining Powell to determine whether he had an arrest warrant was negligible. To issue the citation, Officer Walters was required to ask Powell his name, address, and date of birth. The time to search for an outstanding warrant is minimal. Powell presented no evidence that the warrant search prolonged his detention or changed the nature of his detention. Third, the extent of the needs of law-enforcement officers is high. A police officer's ability to search for outstanding warrants is important for officers to ensure the safety of the public.

Once Officer Walters validly determined that Powell had an outstanding warrant, he arrested Powell. It is well settled that "a police officer may conduct a warrantless search of a person if the search is incident to a lawful arrest." *Edwards v. State*, 759 N.E.2d 626, 629 (Ind. 2001). Officer Walters's search of Powell was a validly executed search incident to a valid arrest.

Nevertheless, Powell relies on *State v. Quirk*, arguing that Officer Walters detained Powell beyond the period necessary to issue a citation for not properly using a crosswalk. However, the facts in *Quirk* are quite different from this case. In *Quirk*, an officer stopped Quirk, a truck driver, because his headlight was not working. *State v. Quirk*, 842 N.E.2d 334, 338 (Ind. 2006). While writing the warning ticket, the officer performed a criminal history check. *Id.* After the first officer handed Quirk a warning ticket and told him he was free to leave, a second officer, who had meanwhile arrived, received the results of the criminal history check and asked Quirk more questions. *Id.* at 338-39. Quirk consented to

6

a search of the cargo area of his tractor-trailer, but not the cabin area. *Id.* at 339. The officers again allowed him to leave. *Id.* They followed him to a rest area and told him that he was free to leave, but the truck had to stay. *Id.* Quirk waited over twenty minutes for a drug-sniffing dog to arrive. *Id.* It alerted, and a search revealed cocaine in the cabin area of the tractor-trailer. *Id.*

In *Quirk*, the Indiana Supreme Court only found that that detaining a suspect's vehicle until a drug dog arrived impermissibly prolonged a stop for a civil infraction. *Id.* at 343. However, the Supreme Court did state that "a request for the driver's license and vehicle registration, a license plate check, a request to search the driver's vehicle and an inquiry regarding whether the driver has a weapon in the vehicle are within the scope of reasonable detention." *Id.* at 340. A search for outstanding warrants is no more intrusive than performing a license-plate check. Indeed, in *Quirk*, the officers searched the database for outstanding warrants, and nothing in the Supreme Court's opinion suggests that the warrant check deprived Quirk of his state constitutional rights. *See id.* at 338-43. Officer Walters's request for Powell's identification and search for outstanding warrants was reasonable under Article 1, Section 11.

Affirmed.

BAKER, J., and FRIEDLANDER, J., concur.