

Dec 05 2016, 8:28 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

James A. Edgar
J. Edgar Law Offices, Prof. Corp.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Andre Anderson, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | December 5, 2016 <br><br> Court of Appeals Case No. <br> 49A02-1511-CR-1947 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Shatrese M. Flowers, Judge <br> The Honorable David Seiter, Commissioner <br><br> Trial Court Cause No. <br> 49G20-1409-F5-44249 |

**May, Judge.**

[1]     Andre Anderson appeals the admission at trial of a handgun found pursuant to
a search of his car following his arrest.  We reverse.

# Facts and Procedural History

[2] On September 18, 2014, Anderson was pulled over by Indianapolis Metropolitan Police Department ("IMPD") Officer Cory Heiny after Officer Heiny ran the license plate on the car and discovered its owner, Anderson, had an outstanding warrant for strangulation and his driving privileges were suspended. After confirming the driver was Anderson, Officer Heiny requested he step out of the vehicle. Anderson did so but not before removing his jacket. Officer Heiny found Anderson's removal of his jacket to be "uncommon." (Tr. at 34.)

[3] Officer Heiny handcuffed Anderson and "placed [him] on the median between [two police cars]." (*Id*. at 28.) Officer Heiny then returned to Anderson's car and searched it before having it towed "because the vehicle was impeding traffic." (*Id*. at 12.) When Officer Heiny picked up Anderson's jacket, he noticed it was heavy, so he searched the pockets. Officer Heiny discovered a loaded handgun in the pocket. Anderson did not have a license to carry it.

[4] The State charged Anderson with Class A misdemeanor carrying a handgun without a license[1] and Level 5 felony carrying a handgun without a license.[2] Anderson filed a motion to suppress the handgun. The trial court denied the motion. At trial, Anderson objected to the admission of the handgun but the

---

[1] Ind. Code § 35-47-2-1 (2014).

[2] Ind. Code § 35-47-2-1(e)(2)(A) (2014).

objection was overruled. The trial court found Anderson guilty and imposed a three-year sentence.

## Discussion and Decision

[5] Anderson did not seek interlocutory review of the denial of his motion to suppress but instead appeals following trial. This issue is therefore "appropriately framed as whether the trial court abused its discretion by admitting the evidence at trial." *Washington v. State*, 784 N.E.2d 584, 587 (Ind. Ct. App. 2003). Our standard of review of rulings on the admissibility of evidence is essentially the same whether the challenge is made by a pre-trial motion to suppress or by trial objection. *Lundquist v. State,* 834 N.E.2d 1061, 1067 (Ind. Ct. App. 2005). We do not reweigh the evidence, and we consider conflicting evidence most favorable to the trial court's ruling. *Id.* However, we must also consider the uncontested evidence favorable to the defendant. *Id.*

[6] "Although a trial court's determination of historical facts is entitled to deferential review, we employ a *de novo* standard when reviewing the trial court's ultimate determination of reasonable suspicion and probable cause." *Lindsey v. State,* 916 N.E.2d 230, 238 (Ind. Ct. App. 2009), *trans. denied.*

> In other words, when a trial court has admitted evidence alleged to have been discovered as the result of an illegal search or seizure, we generally will assume the trial court accepted the evidence presented by the State and will not reweigh that evidence, but we owe no deference as to whether that evidence established the constitutionality of a search or seizure.

*Johnson v. State,* 992 N.E.2d 955, 957 (Ind. Ct. App. 2014), *trans. denied.*

[7] In his "Field Arrest Report," Officer Heiny framed the search as a "[s]earch of the vehicle incident to arrest." (Ex. Vol. at 34.)  In the Affidavit for Probable Cause, Officer Heiny refers to the search as "an inventory of the vehicle prior to towing it from the roadway[.]" (App. at 23.)  The trial court declared the search a "valid search incident to arrest," (*id.* at 73), and did not decide whether the search was proper as an inventory search.

[8] The State now argues the trial court did not abuse its discretion by admitting the evidence because, regardless of whether the search was an inventory search or a search incident to arrest,[3] admission of the handgun did not violate Anderson's rights under the United States Constitution or the Indiana Constitution.  Thus, we must determine whether the search of Anderson's car was lawful as either a search incident to arrest or an inventory search.

[9] The Fourth Amendment to the United States Constitution protects people from unreasonable searches and seizures.  U.S. Const. Amend. IV.  The Fourteenth Amendment extended to state governments the Fourth Amendment's requirements for constitutionally valid searches and seizures.  *Figert v. State*, 686 N.E.2d 827, 830 (Ind. 1997).  If the search is conducted without a warrant, the

---

[3] The State also alleges the "handgun was admissible . . . because Defendant abandoned the jacket." (Appellee's Br. at 11.)  However, it neither provides argument nor cites legal authority in support of this assertion.  Failure to present a cogent argument results in waiver of the issue on appeal.  *Hollowell v. State*, 707 N.E.2d 1014, 1025 (Ind. Ct. App. 1999).  Thus, we do not consider this argument.

burden is on the State to prove that, at the time of the search, an exception to the warrant requirement existed. *Vehorn v. State,* 717 N.E.2d 869, 875 (Ind. 1999). One such exception is a search incident to a lawful arrest. *White v. State*, 772 N.E.2d 408, 411 (Ind. 2002). Another exception is the inventory search of a vehicle. *Lewis v. State,* 755 N.E.2d 1116, 1125 (Ind. Ct. App. 2001). We will address each separately.

### Search Incident to Lawful Arrest

[10] In 1969, the United States Supreme Court held a search incident to arrest is justified only "for a search of the arrestee's person and the area 'within his immediate control' - construing that phrase to mean the area from within which he might gain possession of a weapon or destructible evidence." *Chimel v California*, 395 U.S. 752, 763 (1969), *reh'g denied, abrogation recognized by Davis v. U.S.*, 564 U.S. 229 (2011). Then, in 1981, the U.S. Supreme Court held "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." *New York v. Belton*, 453 U.S. 454, 460 (1981), *reh'g denied, abrogation recognized by Davis v. U.S.*, 564 U.S. 229 (2011). Subsequently, the Court held the search of the passenger compartment of a car, incident to the arrest of the car's driver and sole occupant, was not justified when that driver "could not have accessed his car to retrieve weapons or evidence at the time of the search[.]" *Arizona v. Gant*, 556 U.S. 332, 335 (2009).

[11] Despite that controlling precedent, the State asserts we should follow *DeLong v. State*, 670 N.E.2d 56 (Ind. Ct. App. 1996). When being arrested, DeLong asked to remove his jacket and he then placed it on the trunk of the police car. As an officer was in the process of returning the jacket to DeLong's girlfriend, "he felt a hard, cylindrically shaped object in [it.]" *Id.* at 57. At that point, the officer searched the jacket incident to arrest, and we upheld that search as justified. However, *DeLong* is factually distinguishable. DeLong's jacket was on the trunk of the police car and needed to be given to DeLong's girlfriend before the officers could depart the scene with DeLong, and in the process, the officer felt something suspicious. Here, the officers entered Anderson's car in order to search the jacket. As that entry was prohibited by *Gant*, we decline to follow *DeLong*.

[12] As the U.S. Supreme Court has not spoken on this issue since *Gant*, we are constrained to hold in accordance therewith that the search of Anderson's jacket incident to his arrest was unconstitutional because the police unlawfully entered the passenger compartment of Anderson's car to access the jacket.[4] *See Gant*, 556 U.S. at 335.

---

[4] As we find the search unconstitutional under the Fourth Amendment, we need not address Anderson's argument based on the Indiana Constitution. *See Holly v. State*, 918 N.E.2d 323, 325 n.2 (Ind. 2009) (where search violates federal constitution, state constitution analysis is unnecessary).

## *Inventory Search*

[13] U.S. Constitution Fourth Amendment and Indiana Constitution Article 1, Section 11 questions require independent analyses but both hinge on reasonableness – the State must prove inventory searches are reasonable under either analysis. *Wilford v. State*, 50 N.E.3d 371, 374 (Ind. 2016). We consider the "evidence favorable to the trial court's decision" and "any uncontested evidence favorable to the appellant." *Fair v. State*, 627 N.E.2d 427, 434 (Ind. 1993). We will not overturn the court's ruling unless it is clearly erroneous. *Id.* "The ultimate determination of reasonableness, however, is not a factual finding but a constitutional legal question meriting independent consideration." *Id.*

[14] The police are authorized under their community caretaking function to impound vehicles. *See Wilford*, 50 N.E.3d at 375 (caretaking function allows impoundment when vehicle is "abandoned and obstruct[s] traffic, create[s] a nuisance, or invite[s] thieves and vandals). However, when impounding a vehicle, the officer must act "according to standard criteria and on the basis of something other than suspicion of evidence of criminal activity." *Fair*, 627 N.E.2d at 432 (quoting *Colorado v. Bertine*, 479 U.S. 367, 375 (1987)). "Otherwise, community-caretaking impounds could too readily be used 'for a general rummaging in order to discover incriminating evidence' under the pretext of an administrative inventory." *Id.* at 435 (quoting *Florida v. Wells,* 495 U.S. 1, 4 (1990)). In order for the warrantless impoundment of a vehicle to be reasonable, the Indiana Supreme Court has established a two-prong standard:

"(1) that the belief that the vehicle posed some threat or harm to the community or was itself imperiled was consistent with objective standards of sound policing, and (2) that the decision to combat that threat by impoundment was in keeping with established departmental routine or regulation." *Id.* at 433 (internal citations omitted). Both prongs must be satisfied – if the State cannot meet one, we need not consider the other. *Wilford*, 50 N.E.2d at 376.

[15] Anderson does not argue that the impoundment of his car was unlawful. Instead, he asserts the search did not comply with the police department's policy because no inventory was produced. Therefore, we shall focus on the second prong of the standard.

[16] Officer Heiny testified he "did a [sic] inventory search of the vehicle because the vehicle was impeding traffic and the vehicle was going to be towed incident to arrest." (Tr. at 12.) The State offered into evidence Indianapolis Metropolitan Police Department's policy on "Towing/Impounding Vehicles."[5] (Ex. Vol. at 13.) Under Section IV(A), the policy requires the officer conducting the inventory search to make a "detailed listing of any property found in the vehicle," (*id.* at 17), and Section IV(B) of the policy requires the officer to list all property in his or her personal notebook. (*Id.* at 18.) Officer Heiny testified he signed a property slip, but the State did not admit any such slip into evidence.

---

[5] The policy states, under Section I(A)(11) Procedure, that a vehicle may be towed if it is "[o]wned or operated by person under custodial arrest for any charge." (Ex. Vol. at 14).

Officer Heiny also testified he had not made a recorded list and he did not have a list in his notebook.

[17] While the police department has a procedure in place to tow vehicles, nothing produced at trial demonstrates Officer Heiny followed that procedure. This search, therefore, does not fall within the inventory search exception because Officer Heiny did not follow procedures set out by the Indianapolis Metropolitan Police Policy. *See Friend v. State*, 858 N.E.2d 646, 652 (Ind. Ct. App. 2006) (to comply with reasonableness standards, an inventory search must comply with "standard police procedures").[6]

# Conclusion

[18] The search of Anderson's jacket was not lawful as a search incident to arrest or an inventory search; thus, the trial court abused its discretion when it admitted the handgun into evidence. Accordingly, we reverse Anderson's conviction of Level 5 felony carrying a handgun without a license with a prior conviction.

[19] Reversed.

Baker, J., and Brown, J., concur.

---

[6] We decline to address the State's inevitable discovery argument because it does not apply under the Indiana constitution. *See Ammons v. State*, 770 N.E.2d 927, 935 (Ind. Ct. App. 2002), ("inevitable discovery rule is not applicable under Article 1, Section 11 of the Indiana Constitution"), *trans. denied*.