

FILED

Jan 10 2019, 5:58 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Curtis T. Hill, Jr.
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Timothy J. Burns
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

State of Indiana,

*Appellant-Plaintiff,*

v.

Michael Dwayne Bouye,

*Appellee-Defendant*

January 10, 2019

Court of Appeals Case No.
18A-CR-1730

Appeal from the Marion Superior
Court

The Honorable Clayton A.
Graham, Judge

Trial Court Cause No.
49G07-1704-CM-12980

**Baker, Judge.**

[1]     The State appeals the trial court's order granting Michael Bouye's motion to suppress, arguing that the arresting officer had reasonable suspicion to stop Bouye's vehicle. Finding that there was reasonable suspicion, we reverse and remand for further proceedings.

# Facts

[2]     On April 8, 2017, Indianapolis Metropolitan Police Department (IMPD) Officer Ross Jette was driving down 38th Street in Indianapolis. At approximately 2:42 a.m., he conducted a license plate check using the Indiana Data and Communication System (IDACS) of a 2000 white Saturn driving directly in front of him. The database search showed that the license plate was registered for a different vehicle: a 2005 Jeep Renegade. Officer Jette ran the same check again to verify his findings, and the search returned the same result.

[3]     Officer Jette then conducted a traffic stop of the white Saturn, believing that the driver (Bouye) was improperly operating a vehicle with a license plate belonging to a different vehicle.[1] Sometime during the stop, Officer Jette discovered marijuana and noticed that Bouye was possibly intoxicated. Appellant's App. Vol. II p. 14-16. Officer Jette arrested Bouye.

[4]     Later that day, the State charged Bouye with one count of Class A misdemeanor possession of marijuana, one count of Class C misdemeanor

---

[1] *See* Ind. Code § 9-18.1-4-5(a)(1).

operating a vehicle while intoxicated, and one count of Class C misdemeanor operating a motor vehicle with an A.C.E. of .08 or more. Bouye moved to suppress the evidence, alleging that Officer Jette did not have reasonable suspicion to stop his vehicle and that all evidence attained from the stop should be excluded.

[5] At the June 26, 2018, suppression hearing, Bouye's wife testified that she was the owner of the 2000 white Saturn that Bouye was driving on the night of the incident. She also testified that she purchased the vehicle on March 1, 2017, and that one day later, she registered the vehicle with the Bureau of Motor Vehicles (BMV). After selling her 2005 Jeep Renegade, she transferred its license plate to the couple's 2000 white Saturn and re-registered the plate with the BMV as well. Bouye's wife presented the registration receipt to prove that the 2005 Jeep Renegade plate was properly registered with the 2000 white Saturn on March 2, 2017, more than one month before Bouye's arrest.

[6] The trial court granted Bouye's motion to suppress all evidence obtained as a result of the stop, holding that there was a "breakdown somewhere" that misled Officer Jette and that he did not have a reasonable suspicion to stop the vehicle. Tr. Vol. II p. 22-23. The State now appeals.

# Discussion and Decision

[7] On appeal, the State argues that the motion to suppress should be reversed, claiming that Officer Jette had the reasonable suspicion necessary to stop Bouye's vehicle.

[8] The State is appealing from a negative judgment,[2] so it has the burden to show that the trial court's ruling on the suppression motion was contrary to law. *State v. Brown*, 70 N.E.3d 331, 335 (Ind. 2017). We will reverse this negative judgment only if the evidence points to a conclusion opposite that reached by the trial court. *State v. Moriarity*, 832 N.E.2d 555, 557-58 (Ind. Ct. App. 2005). We review the trial court's conclusions of law de novo, giving no weight to the legal analysis below. *Sanders v. State*, 989 N.E.2d 332, 334 (Ind. 2013).

[9] A routine stop for a suspected traffic violation constitutes a seizure of the vehicle and its occupants under the Fourth Amendment to the United States Constitution. *Clarke v. State*, 868 N.E.2d 1114, 1118 (Ind. 2007). To avoid any potential constitutional violation, the officer conducting the stop must have had a "reasonable suspicion" at the time of the stop that some traffic law or ordinance had been violated. *Meredith v. State*, 906 N.E.2d 867, 869 (Ind. 2009). An officer has the requisite reasonable suspicion when the totality of the circumstances presented a "particularized and objective" basis to support the

---

[2] We have authority to review an order granting a motion to suppress if the ultimate effect of the order is to preclude further prosecution. Ind. Code § 35-38-4-2(5).

officer's belief that some law or ordinance was violated. *Sellmer v. State*, 842 N.E.2d 358, 361 (Ind. 2006). The same reasonable suspicion standard exists under our Indiana Constitution in Article 1, Section 11. *See Campos v. State*, 885 N.E.2d 590, 596 (Ind. 2008) (holding that "many search and seizure issues [including reasonable suspicion] are resolved in the same manner" under both the federal and Indiana constitutions). Our General Assembly codified the reasonable suspicion standard in Indiana Code section 34-28-5-3, which states that "[w]henever a law enforcement officer believes in good faith that a person has committed an infraction or ordinance violation, the law enforcement officer may detain that person . . . ."

[10] Here, Officer Jette conducted a routine IDACS search of a license plate right in front of him. After the search showed that the plate was registered to another vehicle, he ran the search again to verify the results. When the results showed the same information, Officer Jette reasonably believed that the driver of the 2000 white Saturn was improperly driving a vehicle without the correct license plate, a violation of Indiana law. We have held before that such routine license plate checks showing potential improper plate registration are enough to create a reasonable suspicion. *See Smith v. State*, 713 N.E.2d 338, 342 (Ind. Ct. App. 1999) (holding that when a license plate check reveals a mismatched plate, the officer has reasonable suspicion to believe theft has occurred). In sum, there is substantial evidence to demonstrate that Officer Jette, at the time of the stop, had an objective, reasonable suspicion that Bouye had violated a traffic law or ordinance.

[11] The fact that Bouye's wife, at the suppression hearing, proved that Bouye had not violated the law regarding the license plate and that the plate was, in fact, registered with the correct vehicle is beside the point. Even if it is later shown that the defendant did not violate the law, the stop itself is still constitutional so long as the officer had a reasonable suspicion that a violation had occurred. *See Sanders*, 989 N.E.2d at 335-36 (holding that while defendant's "proof of compliance" with the statute relieves him of criminal liability for the violation leading to the stop, it does not "vitiate the legality" of the traffic stop). In other words, whether there was actually a violation is irrelevant to the constitutionality of the stop. What matters is whether the officer had a reasonable suspicion that a violation had occurred. Here, that standard is met based on the results of the IDACS search. Therefore, the stop was constitutional under the federal and state constitutions.

[12] We also note that the trial court seemed to impose a requirement that an officer search multiple databases before stopping a vehicle, stating that "if the officer would have [also] checked the BMV records, it would have showed that the license plates were properly registered with the BMV." Supp. Tr. Vol. I p. 4-5. The trial court found that Officer Jette improperly relied on IDACS alone to conduct his search when additional searches in other databases would have led him to the correct conclusion. Officer Jette was not required to conduct a full investigation of the white Saturn in front of him. Rather, he appropriately ran two routine searches on IDACS, and when the license plate discrepancy was revealed, he stopped the vehicle. Despite the trial court's statements, Officer

Jette was under no obligation to do more than the IDACS search to establish a reasonable suspicion. Moreover, even if Officer Jette had searched the BMV records, he would have discovered a discrepancy between the BMV and the IDACS. That, too, would have provided him with reasonable suspicion of a violation. In any event, this was an improper reason to grant Bouye's motion to suppress. Therefore, we reverse and remand.

[13] The judgment of the trial court is reversed and remanded for further proceedings.

May, J., and Tavitas, J., concur.