## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 01 2020, 7:56 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Alexander W. Robbins
The Law Office of Alex Robbins
Bedford, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Sierra A. Murray
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Stephen H. Hoop, II, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | September 1, 2020 <br><br> Court of Appeals Case No. 20A-CR-665 <br><br> Appeal from the Hendricks Circuit Court <br><br> The Honorable Daniel F. Zielinski, Judge <br><br> Trial Court Cause No. 32C01-1808-F2-17 |

**Baker, Senior Judge.**

[1] Stephen Hoop II appeals his convictions for Level 2 Felony Dealing in Methamphetamine[1] and Level 5 Felony Dealing in Marijuana.[2] Hoop argues that he did not consent to a search of his hotel room by law enforcement officers, nor did he have authority to consent, and that the evidence collected from this search was improperly admitted. Finding no error, we affirm.

## Facts

[2] On August 28, 2018, Plainfield Police Officer Robert Pritchard, a canine handler, conducted a criminal patrol of the Budget Inn. While looking up license plate numbers of the cars in the hotel's parking lot, he discovered that the driver of a pickup truck, Hoop, had recently been arrested. The hotel manager told Officer Pritchard that Hoop was staying in Room 206.

[3] Officer Pritchard then deployed his canine companion, Jocko, who is trained to detect crack, cocaine, marijuana, methamphetamine, and heroin. Jocko alerted around Hoop's truck and outside Room 206. Officer Pritchard called for backup, and multiple officers responded.

[4] After the additional officers arrived, Hoop left Room 206. The officers approached Hoop. Hoop consented to the officers' search of his vehicle. The officers did not find any illegal substances in Hoop's truck.

---

[1] Ind. Code § 35-48-4-1.1(a)(2).

[2] Ind. Code § 35-48-4-10 (a)(2).

[5]     Following the search of his truck, Hoop asked if he was free to leave. The officers said that he was, but that they would like to search Room 206 as well. Hoop responded, "yeah that's fine, it's not just my room." Tr. Vol. II p. 82. He then got into his truck and drove away. Officers used a master key to gain access to the room. There, they found drug paraphernalia, firearms, several pounds of methamphetamine, several pounds of marijuana, and scales, along with Hoop's belongings.

[6]     Hoop was taken to the police station, where he confessed to trafficking in drugs. Police also discovered incriminating text messages on his cell phone. Hoop was arrested. On August 29, 2018, he was charged with Level 2 felony dealing in methamphetamine, Level 3 felony possession of methamphetamine, Level 5 felony dealing in marijuana, and Level 5 felony possession of a narcotic drug. On February 5, 2019, the state moved to add an habitual offender enhancement to the charges.

[7]     Hoop's counsel moved to suppress the evidence found in Room 206, Hoop's incriminating statements, and the incriminating text messages on the basis that the officers did not have consent to search the room. The trial court held a suppression hearing on August 29, 2019. At the hearing, Hoop testified that he told the officers that it was not his room, he did not possess a key, and that he could not consent to its search. *Id.* at 125-26. Officer Pritchard testified that Hoop said, "that's fine, it's not just my room" when asked if police could search Room 206. *Id.* at 82. Another officer testified that Hoop said, "as long as I can leave . . . do whatever." *Id.* at 104. A third officer testified that Hoop

consented to the search as long as he could leave. *Id.* at 117. He also testified that he did not remember Hoop ever saying the room was not his. *Id.* at 123

[8] The trial court denied Hoop's motion on October 17, 2019. The court found that "[a]ll three Officers that testified were credible. Their testimony was consistent." Appellant's App. Vol. II p. 52. In contrast, the trial court found that Hoop "was not credible" and that the search was "consensual." *Id.*

[9] Hoop waived his right to a jury trial, and his bench trial took place on December 10, 2019. The day of trial, Hoop admitted that he is an habitual offender. *Id.* at 70. At the trial, the evidence stemming from the search of Room 206 was admitted over Hoop's objection. At the close of the trial, the trial court found Hoop guilty of dealing in methamphetamine and dealing in marijuana. The State dismissed the possession of marijuana charge and the trial court vacated the possession of methamphetamine charge due to double jeopardy concerns. Tr. Vol. II p. 191. The trial court sentenced him to a twenty-year term, which was enhanced by ten years based on the habitual offender finding, for an aggregate term of thirty years imprisonment. Hoop now appeals.

## Discussion and Decision

[10] Hoop argues that the trial court erred in denying his motion to suppress evidence stemming from the search of Room 206. Because Hoop appeals after a completed trial, the issue is best characterized as a request to review the admission of the evidence at trial. *E.g., Guilmette v. State*, 14 N.E.3d 38, 40 (Ind.

2014). In reviewing a trial court's ruling on the admissibility of evidence, we "reverse only when admission is clearly against the logic and effect of the facts and circumstances and the error affects a party's substantial rights." *Id.* In conducting our review, we consider conflicting evidence in the light most favorable to the trial court's ruling, and do not reweigh evidence or re-evaluate witness credibility. *Johnson v. State,* 992 N.E.2d 955, 957 (Ind. Ct. App. 2013). Questions of law, like the constitutionality of a search and seizure, are subject to de novo review. *Guilmette*, 14 N.E.3d at 40.

[11] Hoop argues that because he did not consent to the search of Room 206, nor did he have authority to consent, the search violated both the Fourth Amendment to the United States Constitution and Article I, Section 11 of the Indiana Constitution. The Fourth Amendment generally prohibits warrantless searches, subject to specific exceptions. *Krise v. State*, 746 N.E.2d 957, 961 (Ind. 2001). Consent to search is one such exception. *Id.* Similarly, Article I, Section 11 forbids unreasonable searches, generally requires warrants, and allows valid consent as an exception to the warrant requirement. *Joyner v. State*, 736 N.E.2d 232, 242 (Ind. 2000). Under both provisions, the consenting party must have authority to consent. *Krise*, 746 N.E.2d at 964.

[12] Hoop argues that he did not consent to the search, but the record belies his argument. For example, Officer Pritchard testified that Hoop said, "that's not just my room." Tr. Vol. II p. 83. Another officer testified that Hoop said, "as long as I can leave . . . do whatever." *Id.* at 104. A third officer testified that Hoop consented to the search as long as he could leave. *Id.* at 117. Hoop

directs our attention to other evidence in the record, including his own assertion that he did not consent, but this amounts to a request that we reweigh the evidence and second-guess the trial court's conclusion that the officers were credible but Hoop was not. We decline the request. Given this record, the trial court did not err by finding that Hoop consented to the search, rendering it reasonable under both the Fourth Amendment and Article 1, Section 11.

[13]     Hoop next argues that even if he did consent, he did not have the requisite actual or apparent authority to consent. Actual authority rests on showing a "mutual use of property" and "joint access and control for most purposes." *Krise*, 746 N.E.2d at 967 (citing *U.S. v. Matlock*, 415 U.S. 164 (1974)). Apparent authority exists if the information available to police at the time would "warrant a man of reasonable caution in the belief that the consenting party had authority over the premises." *Id.* (quoting *Terry v. Ohio*, 392 U.S. 1, 21-22 (1968)). If either exists, consent to search is valid. *Id.*

[14]     Again, this constitutional question rests on questions of fact for which we give great deference to the trial court. The hotel manager told Officer Pritchard that Hoop was staying in Room 206. Tr. Vol. II p. 50-51. Officer Pritchard testified that he saw Hoop leaving Room 206. *Id. at* 58-59. A second officer did not recall Hoop ever saying the room was not his, and Officer Pritchard testified that Hoop said the room was not *just* his. *Id.* at 123, 83. Though they used a master key to access Room 206, rather than one provided by Hoop, Officer Pritchard testified that this is common procedure for hotel searches. *Id.* at 66-67, 88. The trial court found the officers' testimony more credible than Hoop's.

Appellant's App. Vol. II p. 52. The trial court had sufficient facts to conclude that Hoop at the very least had apparent authority to consent, rendering the search lawful. Therefore, it was well within the trial court's discretion to admit the evidence discovered pursuant to a lawful search.[3]

[15] The judgment of the trial court is affirmed.

Bailey, J., and Vaidik, J., concur.

---

[3] As we resolve this case under the consent issue, we need not and will not address Hoop's remaining arguments.