Clarence WHITE, Defendant–Appellant,

v.

STATE of Indiana, Plaintiff–Appellee.

No. 49S00–0101–CR–9.

Supreme Court of Indiana.

Aug. 1, 2002.

Sarah L. Nagy, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Arthur Thaddeus Perry, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

DICKSON, Justice.

The Defendant, Clarence White, was convicted of dealing in cocaine, possession of cocaine, possession of marijuana, and operating a vehicle after a lifetime suspension. He challenges his conviction, presenting the following issues for our review: (1) whether the search of the vehicle he was driving violated the Indiana or United States Constitutions; (2) whether the trial court erred in admitting statements the defendant made before he was read his *Miranda* rights; and (3) whether the evidence is sufficient to support the defendant's conviction. We affirm.

■ The defendant first contends that the warrantless search of the car he was driving violated the Fourth Amendment of the United States Constitution and Article I, Section 11 of the Indiana Constitution, and therefore the trial court should have suppressed the crack cocaine that was found as a result of the search. The defendant was driving in Indianapolis when two police officers observed him changing lanes without signaling. The officers stopped him, and one officer approached his car and asked to see the defendant's license and registration. The defendant produced only his license. The officers noticed the odor of marijuana coming from the vehicle, and asked the defendant if he had anything illegal in the vehicle with him, such as marijuana or guns. The defendant stated that he had some "weed," and pulled a marijuana cigarette from his shirt pocket and handed it to one of the officers. Meanwhile, upon checking the defendant's license, the officers discovered that the defendant was driving while his license was suspended for life as a habitual traffic offender. The defendant was placed under immediate arrest for possession of marijuana and driving while his license was suspended for life. One of the officers then conducted a search of the vehicle, discovering what he suspected to be four marijuana cigarettes inside a pouch attached to the driver's seat of the car. Based on what they had found, they requested a K–9 narcotics dog to search the rest of the car. When the dog arrived and searched the car, it alerted in the area of the fuse panel of the vehicle. When the fuse panel was removed, the officers discovered a clear plastic bag containing 29 more plastic bags, each of which contained crack cocaine.

■ At trial, the defendant objected to the admission of the crack cocaine on chain of custody grounds only. A party may not object on one ground at trial and raise a different ground on appeal. *Brown v. State*, 728 N.E.2d 876, 878 (Ind.2000). Therefore, this issue is waived for review. Nevertheless, the search was proper. Because the defendant does not argue that the search and seizure provision in the Indiana Constitution requires a different analysis than the federal Fourth Amendment, his state constitutional claim is waived, and we consider only the federal claim. *Warren v. State*, 760 N.E.2d 608, 610 n. 3 (Ind.2002); *Williams v. State*, 724 N.E.2d 1093, 1097 n. 5 (Ind.2000); *Brown v. State*, 703 N.E.2d 1010, 1015 n. 4 (Ind. 1998); *Fair v. State*, 627 N.E.2d 427, 430 n. 1 (Ind.1993). The United States Constitution protects against "unreasonable searches and seizures," and generally requires a warrant. U.S. Const. amend. IV. When a search is conducted without a warrant, the State must prove that an exception to the warrant requirement existed at the time of the search. *Hollowell v. State*, 753 N.E.2d 612, 615 (Ind.2001). A search incident to a lawful arrest is one such exception. *Chimel v. California*, 395 U.S. 752, 762, 89 S.Ct. 2034, 2040, 23 L.Ed.2d 685, 694 (1969). Under this exception, an officer may conduct a warrantless search of the arrestee's person and the area within his or her immediate control. *Id.* If a defendant is arrested in an automobile, officers are permitted to search the entire passenger compartment of the vehicle, including "closed or open glove compartments, consoles, or other receptacles located anywhere within the passenger compartment, as well as luggage, boxes, bags, clothing, and the like." *New York v. Belton*, 453 U.S. 454, 460, 101 S.Ct. 2860, 2864, 69 L.Ed.2d 768, 775, (1981).

In this case, officers had probable cause to arrest the defendant based on his possession of marijuana, and because he was operating a motor vehicle while his license was suspended for life. The officers'

search of the passenger compartment of the car, and the fuse panel within the passenger compartment, was proper because the search was conducted incident to a lawful arrest of a defendant who was in the automobile. Admission of the crack cocaine they discovered in their search at trial was not error.

The defendant's second argument is that his statements to the arresting officers were not admissible in court because he was not read his *Miranda* rights before he made the statements. Specifically, the defendant contests the admissibility of two statements. First, as the officers removed the cocaine, the defendant stated to one of the officers, "Man, I knew I was done for when you guys called for the K–9 but I wanted to see with my own two eyes if he could find exactly where I put the dope." Record at 182. Second, when asked what he thought of the K–9 dog's work, he replied that the dog was "impressive." Record at 187. Rights under *Miranda* apply only to custodial interrogation. *Albrecht v. State,* 737 N.E.2d 719, 727 (Ind.2000); *Cliver v. State,* 666 N.E.2d 59, 66 (Ind.1996). To determine whether a defendant is in custody, we apply an objective test, asking whether a reasonable person under the same circumstances would believe themselves to be "under arrest or not free to resist the entreaties of the police." *Torres v. State,* 673 N.E.2d 472, 474 (Ind.1996) (quoting *Jones v. State,* 655 N.E.2d 49, 55 (Ind. 1995)). The test is how "a reasonable person in the suspect's shoes would understand the situation." *Albrecht,* 737 N.E.2d at 727; *Loving v. State,* 647 N.E.2d 1123, 1125 (Ind.1995). When the defendant made the statements, there is no doubt that the defendant was in custody; he had been arrested and was handcuffed. Thus, the first element of a *Miranda* violation is fulfilled here.

However, the defendant was not subject to interrogation. Under *Miranda,* "interrogation" includes express questioning and words or actions on the part of the police that the police know are reasonably likely to elicit an incriminating response from the suspect. *Rhode Island v. Innis,* 446 U.S. 291, 301, 100 S.Ct. 1682, 1689–90, 64 L.Ed.2d 297, 308 (1980); *Loving,* 647 N.E.2d at 1126. Volunteered statements do not amount to interrogation. *Hopkins v. State,* 582 N.E.2d 345, 348 (Ind.1991).

The defendant's first statement, that he "wanted to see with [his] own two eyes if [the dog] could find exactly where [he] put the dope," was voluntary. It was an utterance not made in response to any questioning, words or actions on the part of the police, and thus was admissible. *Alford v. State,* 699 N.E.2d 247, 250 (Ind.1998). His second statement, that the police dog was "impressive," was made in response to an officer's question. However, the officer's question was not "reasonably likely to elicit an incriminating response from the suspect," and thus the defendant's answer was not obtained through interrogation and was admissible. *See Hopkins,* 582 N.E.2d at 348–49.

The defendant's final argument is that the evidence was insufficient to support his conviction. Specifically, he argues that driving the car in which the cocaine was found is not enough to support the inference that he "maintained dominion and control" of the cocaine. Br. of Appellant at 22. In addressing a claim of insufficient evidence, an appellate court considers only the probative evidence and reasonable inferences supporting the judgment, without weighing evidence or assessing witness credibility, and determines therefrom whether a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Marcum v.*

*State,* 725 N.E.2d 852, 863 (Ind.2000). Here, the prosecution was required to demonstrate that the defendant "possess[ed], with intent to ... deliver[,] ... cocaine or a narcotic drug, pure or adulterated." Ind.Code § 35–48–4–1(2) (1998). Constructive possession will support a possession conviction if the State shows that the defendant had both the capability and the intent to maintain dominion and control over the contraband. *Goliday v. State,* 708 N.E.2d 4, 6 (Ind.1999). Where control is non-exclusive, intent to maintain dominion and control may be inferred from additional circumstances that indicate that the person knew of the presence of the contraband. *Id.* at 6. The State must also prove that the defendant intended to deliver the cocaine, but because intent is a mental state, the trier of fact may resort to reasonable inferences based on examination of the surrounding circumstances to determine the existence of the requisite intent. *See Chandler v. State,* 581 N.E.2d 1233, 1237 (Ind.1991).

Here, the defendant was driving his girlfriend's car, which had 29 plastic bags filled with cocaine hidden in the fuse panel. He was the only one in the car when the car was stopped. When the defendant was arrested, the car searched, and the drugs found, the defendant said to officers that he had wanted "to see with [his] own two eyes if [the dog] could find exactly where [he] put the dope." Regardless of whether or not he owned the vehicle in which the cocaine was found, we find that his exclusive possession of the vehicle and his statement to the police that he hid the cocaine sufficiently demonstrates that he maintained dominion and control of the cocaine. Also, the peculiar packaging of the cocaine is sufficient to uphold a jury's inference that the defendant intended to deliver the drugs.

**Conclusion**

The judgment of the trial court is affirmed.

SHEPARD, C.J., and SULLIVAN, BOEHM, and RUCKER, JJ., concur.