Kacey M. CHANDLER, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 71A05–0404–CR–188.

Court of Appeals of Indiana.

Oct. 20, 2004.

John Pinnow, Greenwood, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Scott A. Kreider, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

Kacey[1] M. Chandler appeals his convictions of possession of cocaine, a Class B felony,[2] possession of marijuana, a Class A misdemeanor,[3] and maintaining a common nuisance, a Class D felony.[4] He raises three issues, which we restate as:

1. Whether there was sufficient evidence Chandler possessed cocaine within 1000 feet of a school;

2. Whether there was sufficient evidence Chandler possessed marijuana found in a residence where he had been; and

---

1. In its brief, the State refers to the appellant as "Kacy." The documents in the record, including the State's own charging information, indicate his name is "Kacey."

2. Ind.Code § 35–48–4–6. This offense is normally a Class C felony, but is enhanced when the possession is within 1000 feet of a school. Ind.Code § 35–48–4–6(b)(2).

3. Ind.Code § 35–48–4–11.

4. Ind.Code § 35–48–4–13.

3. Whether there was sufficient evidence Chandler was maintaining a common nuisance.

We affirm in part and reverse in part.

## FACTS

On November 21, 2002, South Bend Police Officer Cori Bair and another officer were watching a house at 216 Alford, Mishawaka, Indiana. They had a search warrant for that property and for Chandler's person.[5] The officers watched Chandler enter the house. Shortly thereafter, a female drove to the house and entered. She and Chandler left the house together, with Chandler driving the car.

Officer Bair knew Chandler's license had been suspended. He confirmed the suspension, then called for a uniformed officer to stop Chandler. Officer Bair followed Chandler's vehicle until it was stopped by Mishawaka Police Officer Alexander Arendt.

Chandler was arrested for driving with a suspended license. When police searched Chandler they found a small baggie of cocaine in his rear pocket. The police took Chandler back to the Alford street house and executed the search warrant. They found marijuana in the middle bedroom and in the living room.

## DISCUSSION AND DECISION

1. *Possession of Cocaine within 1000 feet of a School*

■ In reviewing sufficiency of the evidence, we will affirm a conviction if, considering only the probative evidence and reasonable inferences supporting the verdict, and without weighing evidence or assessing witness credibility, a reasonable trier of fact could conclude the defendant was guilty beyond a reasonable doubt. *Herron v. State*, 808 N.E.2d 172, 176 (Ind. Ct.App.2004), *trans. denied.* When a conviction is based on circumstantial evidence, we will not disturb the verdict if the factfinder could reasonably infer from the evidence presented that the defendant is guilty beyond a reasonable doubt. *Id.* We need not find the circumstantial evidence overcomes every reasonable hypothesis of innocence; rather, there must merely be a reasonable inference from the evidence supporting the verdict for us to find the evidence sufficient. *Id.*

The State presented no evidence that the area where they stopped Chandler and found the cocaine was within 1000 feet of a park or school. There was, however, testimony that Beiger School was 496 feet from the house at 216 Alford. We must therefore address whether the evidence is sufficient to prove Chandler possessed the cocaine police found on his person at the traffic stop while he was at the Alford Street residence.

■ The enhancement provided for in Ind.Code § 35–48–4–6 is

triggered by possession within the [school] zone, whether or not the defendant is pulled over within the zone. It is the act of entering the zone, and not the police action of pulling the defendant over, that triggers the enhancement. Nothing forces drug offenders to drive within the drug-free zone created by the legislature. To the contrary, they pass there at their own peril and in jeopardy of their own penal interests.

*Polk v. State*, 683 N.E.2d 567, 571–72 (Ind. 1997).

The jury heard testimony that Officer Bair followed Chandler from the Alford Street residence to the point where Chan-

---

5. A copy of the search warrant is not included in the record. As a result, we cannot determine whether Chandler was the only person named in the warrant.

dler was pulled over and that Chandler was never out of the officer's sight. Chandler did not stop other than for stop signs and traffic lights until the officers pulled him over. The cocaine was found in Chandler's rear pocket.

This evidence is sufficient to prove Chandler possessed the cocaine when he left the Alford Street house. To hold otherwise would invade the province of the jury, which we may not do. *See Thompson v. State,* 804 N.E.2d 1146, 1151 (Ind. 2004). Chandler's conviction of possession of cocaine as a Class B felony was not error.

### 2. *Possession of Marijuana*

■ Chandler argues the State failed to prove he had actual or constructive possession of the marijuana found in the middle bedroom and living room of the Alford Street house.

■ Constructive possession of a drug is proven when the State shows the defendant has both the intent and the capability to maintain dominion and control over the drug. *Gee v. State,* 810 N.E.2d 338, 340 (Ind.2004). Proof of a possessory interest in the premises where illegal drugs are found is adequate to show capability to maintain dominion and control. *Davenport v. State,* 464 N.E.2d 1302, 1307 (Ind.1984), *cert. denied* 469 U.S. 1043, 105 S.Ct. 529, 83 L.Ed.2d 416 (1984). In essence, the law infers the party in possession of the premises is capable of exercising dominion and control over all items on the premises. *See id.; and see Martin v. State,* 175 Ind.App. 503, 507, 372 N.E.2d 1194, 1197 (1978) ("[A] house or apartment used as a residence is controlled by the person who lives in it and that person may

be found in control of any drugs discovered therein, whether he is the owner, tenant, or merely an invitee."). This is so whether possession of the premises is exclusive or not. *Martin,* 175 Ind.App. at 509, 372 N.E.2d at 1198.

The State did not prove Chandler had sufficient control over the 216 Alford Street house to permit a finding he had the capability to exercise dominion and control over items on the premises.

First, the State did not present evidence Chandler's control over the Alford Street house was exclusive. Chandler told Officer Bair the house belonged to his aunt. There was a bond receipt for Chandler's car in the northwest bedroom of the home. In a kitchen drawer, there were certificates of registration and a title for the Oldsmobile Chandler was driving, listing the Alford residence as his address. Also in the drawer were letters addressed to Chandler at the Alford Street house. There was, however, no testimony as to the presence of Chandler's clothes, personal belongings, or anything other than the papers referred to above.[6] It is apparent Chandler had some connection with the Alford Street residence, but the State did not prove his possession was exclusive.

■ Where control is non-exclusive, intent to maintain dominion and control may be inferred from additional circumstances that indicate the person knew of the presence of the contraband. *White v. State,* 772 N.E.2d 408, 413 (Ind.2002). Such additional circumstances include, but are not limited to: (1) incriminating statements made by the defendant; (2) attempted flight or furtive gestures; (3) a manufacturing setting; (4) proximity of the defen-

---

**6.** There was evidence that a small set of scales and a card evidencing a drug ledger were found among Chandler's papers. However, there was no testimony the handwriting on the card was Chandler's or that the scales were for weighing drugs or had drug residue on them.

dant to the contraband; (5) location of the contraband within the plain view of the defendant; and (6) location of the contraband within close proximity of items owned by the defendant. *Smith v. State*, 787 N.E.2d 458, 460 (Ind.Ct.App.2003).

Chandler made no incriminating statements, he did not flee, and the record does not reflect the house was a manufacturing setting. Chandler had been at the house earlier, but he had left and was subsequently in close proximity to the drugs only because he was under arrest when the search warrant was executed. As a result, factor (4), the proximity of the defendant to the contraband, does not suggest Chandler had dominion and control over the contraband.

Nor is there evidence the marijuana was in plain view. Officer James Walsh testified some marijuana "was found in the middle bedroom" (Tr. at 98) and "in the living room." (*Id.*) [7] There was no direct testimony this marijuana was in plain view; as the State bears that burden of proof, we will not presume it was.

Nor was the contraband within close proximity of items Chandler owned. The only items that can be linked to Chandler were located in a back bedroom and in a kitchen drawer. The contraband was found in an undisclosed location in a middle bedroom and in the living room. The drugs therefore were not close to or intermingled with items Chandler owned. The evidence is insufficient to show Chandler's control over the marijuana. *See Gee*, 810 N.E.2d at 343.

The State did not prove beyond a reasonable doubt Chandler constructively possessed the marijuana, and we must accordingly reverse this conviction.

### 3. *Maintaining a Common Nuisance*

Chandler was also found guilty of maintaining a common nuisance. Ind. Code § 35–48–4–13(b) provides "a person who knowingly or intentionally maintains a building, structure, vehicle, or other place that is used one (1) or more times: (1) by persons to unlawfully use controlled substances; or (2) for unlawfully . . . (B) keeping . . . controlled substances . . . commits maintaining a common nuisance, a Class D felony."

The State did not prove Chandler's constructive possession of marijuana by his exclusive possession of the premises or by additional circumstances indicating he knew the marijuana was present. We therefore find there was insufficient evidence he was maintaining a common nuisance. *See Smith*, 787 N.E.2d at 461.

We affirm Chandler's conviction of possession of cocaine but reverse his convictions of possession of marijuana and maintaining a common nuisance.

Affirmed in part and reversed in part.

SHARPNACK, J., and BAILEY, J., concur.

---

7. There is a passing reference to the marijuana in the living room being found "on the coffee table." (Tr. at 113.) However, the record does not indicate whether it was in plain view, obscured by other objects, or hidden inside a container. Given that dearth of information, we decline to hold that an item on a table is presumptively "in plain view."