**Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before
any court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.**



FILED

Feb 01 2013, 8:57 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JOEL C. WIENEKE**
Wieneke Law Office, LLC
Plainfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHRISTOPHER HANNEMAN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 67A05-1207-CR-344 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE PUTNAM SUPERIOR COURT
The Honorable Sidney J. Tongret, Judge *Pro Tempore*
Cause No. 67D01-1005-CM-295

**February 1, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

During the evening hours of April 27, 2010, Christopher Hanneman, Brittan Schmitz, and Crystal Buford visited a Kroger store in Greencastle where Heather Dale was working. After leaving the store, Hanneman approached Dale's vehicle and slashed all four of her tires. Hanneman was subsequently charged with and convicted of Class B misdemeanor criminal mischief. On appeal, Hanneman contends that the State failed to present sufficient evidence at trial to sustain his conviction. Concluding that the evidence presented at trial was sufficient to sustain Hanneman's conviction for Class B misdemeanor criminal mischief, we affirm.

## FACTS AND PROCEDURAL HISTORY

During the evening hours of April 27, 2010, Dale was working at a Kroger store in Greencastle. At some point during the evening, Hanneman, Schmitz, and Buford entered the Kroger together. Hanneman approached and spoke to Dale while Schmitz and Buford went to look for a particular type of ice cream. Hanneman, Schmitz, and Buford subsequently left the Kroger without making a purchase.

After leaving the Kroger, Hanneman drove his vehicle to a parking space next to where Dale's vehicle was parked. Hanneman told Buford that the vehicle was Dale's before saying, "I'm finished, I'll slit [that] B's tires." Tr. p. 28. Buford saw Hanneman retrieve a pocketknife from the console of his vehicle before exiting his vehicle and approaching Dale's vehicle. Buford watched Hanneman slash all four of Dale's tires with the pocketknife. When Hanneman re-enteed his vehicle, Buford noticed that "[Hanneman] was bleeding on his hand a little bit." Tr. p. 24. A few days later, Buford contacted the Greencastle Police

2

Department and provided Officer Matthew Scott Huffman with a written statement identifying Hanneman as the individual who slashed Dale's tires.

On May 26, 2010, the State charged Hanneman with Class B misdemeanor criminal mischief.[1] The trial court conducted a bench trial on September 23, 2011, after which the trial court took the case under advisement. On September 30, 2011, the trial court found Hanneman guilty as charged. The trial court entered a judgment of conviction and sentenced Hanneman on December 12, 2011, to 180 days incarceration, all suspended, with credit for time served. On motion by Hanneman, the trial court entered an amended judgment of conviction and sentencing order on June 11, 2012, sentencing Hanneman to time served and imposing certain fines. This appeal follows.

## DISCUSSION AND DECISION

Hanneman contends that the evidence is insufficient to support his conviction for Class B misdemeanor criminal mischief.

> When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences supporting the verdict. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction…. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

*Drane v. State*, 867 N.E.2d 144, 146-47 (Ind. 2007) (citations, emphasis, and quotations omitted). "Testimony from a single eyewitness is sufficient to sustain a conviction." *Hubbard v. State*, 719 N.E.2d 1219, 1220 (Ind. 1999). Upon review, appellate courts do not

---

[1] Ind. Code § 35-43-1-2(a)(1) (2009).

reweigh the evidence or assess the credibility of the witnesses. *Stewart v. State*, 768 N.E.2d 433, 435 (Ind. 2002).

In order to convict Hanneman of Class B misdemeanor criminal mischief, the State was required to prove that Hanneman "recklessly, knowingly, or intentionally damage[d] or deface[d] the property of another person without the other person's consent." Ind. Code § 35-43-1-2(a)(1). "A person engages in conduct 'recklessly' if he engages in conduct in plain, conscious, and unjustifiable disregard of harm that might result and the disregard involves a substantial deviation from acceptable standards of conduct." Ind. Code § 35-41-2-2(c). "A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so." Ind. Code § 35-41-2-2(b). "A person engages in conduct 'intentionally' if, when he engages in the conduct, it is his conscious objective to do so." Ind. Code § 35-41-2-2(a). The trial court, acting as the trier of fact, may resort to reasonable inferences based on examination of the surrounding circumstances to determine the existence of the requisite intent. *White v. State*, 772 N.E.2d 408, 413 (Ind. 2002). Furthermore, "the requisite intent may be presumed from the voluntary commission of the act." *Mishler v. State*, 660 N.E.2d 343, 348 (Ind. Ct. App. 1996).

Here, the State alleged that Hanneman recklessly, knowingly, or intentionally damaged tires belonging to Dale. Buford testified that she saw Hanneman slash all four of Dale's tires with a pocketknife. In challenging the sufficiency of the evidence to sustain his conviction, Hanneman argues that Buford's testimony should not have been deemed credible because she had an apparent motive to lie about Hanneman, *i.e.*, to exact revenge upon him

4

because he was her ex-boyfriend. Hanneman also questions Buford's credibility because she and Schmitz presented conflicting testimony as to whether Hanneman or Schmitz was driving that evening.

Again, upon review, we will not reweigh the evidence or assess witness credibility and conflicting evidence is generally considered in the light most favorable to the fact-finder's determination. *Boggs v. State*, 928 N.E.2d 855, 864 (Ind. Ct. App. 2010), *trans. denied*. Here, the evidence demonstrates that although Buford and Schmitz had conflicting recollections of whether Hanneman or Schmitz was driving on the night in question, Buford testified that she saw Hanneman slash all four of Dale's tires. The trial court, acting as the fact-finder, weighed the inconsistencies between the witnesses' statements about who was driving on the night in question and determined that Buford's testimony was credible. Based on Buford's testimony that she saw Hanneman slash all four of Dale's tires, the trial court determined that the State presented sufficient evidence to prove that Hanneman committed Class B misdemeanor criminal mischief. We agree. Hanneman's claim to the contrary amounts to an invitation for this court to reweigh the evidence and to re-evaluate issues of credibility, which, again, we will not do. *See Stewart*, 768 N.E.2d at 435.

The judgment of the trial court is affirmed.

NAJAM, J., and FRIEDLANDER, J., concur.