**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**DONALD E. C. LEICHT**
Kokomo, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

DAVID R. MCCLURE,                     )
                                       )
    Appellant-Defendant,           )
                                       )
        vs.                     )      No. 34A02-1306-CR-491
                                       )
STATE OF INDIANA,                     )
                                       )
    Appellee-Plaintiff.            )

APPEAL FROM THE HOWARD SUPERIOR COURT
The Honorable Douglas A. Tate, Judge
Cause No.  34D03-1212-CM-1293

**December 31, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

David R. McClure appeals his conviction for Class B misdemeanor criminal mischief. McClure argues that the evidence was insufficient to support his conviction. Because we conclude that the evidence presented at trial was sufficient to sustain McClure's conviction, we affirm.

**Facts and Procedural History**

In December 2012, Douglas Persons was working at the Kokomo SuperWash. Suddenly, Douglas heard a loud bang on the door. When he looked out the window, he saw McClure standing outside. Douglas recognized McClure because he was in a romantic relationship with McClure's wife, Brandi.

Douglas knew that McClure was upset about his relationship with Brandi. Because he did not want to get into a fight with McClure at the SuperWash, Douglas stayed inside and threatened to call the police. McClure began yelling and calling Douglas names. Then Douglas heard a loud noise. Tr. p. 7. At that time, Douglas's car was parked "right outside the door." *Id.* at 13.

Douglas waited inside until he saw McClure drive away from the SuperWash. Douglas was the only employee working, and there were no other people or cars in the parking lot. When Douglas approached his car, he noticed that the front left fender was dented. *Id.* at 8; State's Ex. 1. He called the police.

The State charged McClure with Class A misdemeanor criminal mischief. After a bench trial, McClure was found guilty of Class B misdemeanor criminal mischief. He

2

was sentenced to 180 days in the county jail with two days executed and the remainder suspended to unsupervised probation.

McClure now appeals.

**Discussion and Decision**

McClure argues that the evidence was insufficient to support his conviction for Class B misdemeanor criminal mischief.

When reviewing the sufficiency of the evidence, we neither reweigh the evidence nor determine the credibility of witnesses. *Bailey v. State*, 979 N.E.2d 133, 135 (Ind. 2012). We look solely to the evidence most favorable to the judgment and all reasonable inferences to be drawn therefrom. *Id.* A conviction will be affirmed if the probative evidence and reasonable inferences to be drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. *Id.*

In order to convict McClure of Class B misdemeanor criminal mischief, the State was required to prove that he "recklessly, knowingly, or intentionally damage[d] or deface[d] the property of another person without the other person's consent." Ind. Code § 35-43-1-2(a)(1). "A person engages in conduct 'recklessly' if he engages in conduct in plain, conscious, and unjustifiable disregard of harm that might result and the disregard involves a substantial deviation from acceptable standards of conduct." Ind. Code § 35-41-2-2(c). "A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so." I.C. § 35-41-2-2(b). Finally, "a person engages in conduct 'intentionally' if, when he engages in the conduct, it is his conscious objective to do so." I.C. § 35-41-2-2(a). The trial court, acting as the

3

trier of fact, may resort to reasonable inferences based on examination of the surrounding circumstances to determine the existence of the requisite intent. *White v. State*, 772 N.E.2d 408, 413 (Ind. 2002). Furthermore, "the requisite intent may be presumed from the voluntary commission of the act." *Mishler v. State*, 660 N.E.2d 343, 348 (Ind. Ct. App. 1996).

The evidence most favorable to the judgment is sufficient to sustain McClure's conviction. At trial, Douglas testified that McClure was angry because Douglas was in a romantic relationship with McClure's wife. McClure drove to the SuperWash, banged on the door, and called Douglas names. When Douglas refused to come outside and threatened to call the police, he heard a loud noise. At the time, McClure was standing outside near Douglas's car, and no one else was in the parking lot. After he saw McClure drive away, Douglas went outside and saw that his car's front left fender was dented. At trial, Douglas testified that he believed McClure had damaged his car. Tr. p. 12. And a police officer who saw the damaged car testified that there was a shoe mark in the center of the dent. *Id.* at 22. Although McClure denied touching the car and claimed the dent was there when he arrived at the SuperWash, the trial court could reasonably conclude that McClure, angry that Douglas was in a romantic relationship with his wife, had intentionally damaged Douglas's car without his consent.

In challenging the sufficiency of the evidence, McClure argues that Douglas could not say with certainty that the damage to his car did not occur before the incident at the SuperWash. *See id.* at 12; Appellant's Br. p. 2-4. But the trial court considered this testimony and nonetheless determined that the State presented sufficient evidence to

4

prove that McClure committed Class B misdemeanor criminal mischief. We agree. McClure's claim to the contrary amounts to an invitation for this Court to reweigh the evidence, which we may not do.

Affirmed.

RILEY, J., and MAY, J., concur.