**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 23 2014, 10:04 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**BARBARA J. SIMMONS**
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| DEXTER HAWKINS, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 49A04-1305-CR-233 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Helen Marchal, Judge
Cause No. 49G16-1302-CM-12776

**January 23, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Chief Judge**

## Case Summary

Dexter Hawkins appeals his conviction for Class B misdemeanor criminal mischief. Hawkins argues that the evidence is insufficient to support his conviction. Because we conclude that the evidence presented at trial is sufficient to sustain Hawkins's conviction, we affirm.

## Facts and Procedural History

In February 2013, Hawkins was living in Indianapolis with his girlfriend Ashley Dugan, her three children, and his niece, Kendra Hawkins. One morning, Hawkins got into a minor accident while driving Ashley's SUV. This caused an argument between the couple that lasted all day. That night, when Ashley tried to take her belongings and leave the house, Hawkins became violent, shoving and choking Ashley and threatening to "slice her tires" if she left. Tr. p. 11.

Kendra intervened and convinced Hawkins that Ashley should leave. When Ashley took a basket of her belongings outside to her SUV, she saw Hawkins crouched on one knee next to her front passenger-side tire. *Id.* at 12, 14, 16. Hawkins then stood up and walked around to the back of the house. *Id.* Kendra, who was helping Ashley carry her belongings, heard a hissing sound coming from Ashley's tires. *Id.* at 45. Ashley approached her SUV and saw the tires deflating. She called the police.

By the time the police arrived, Hawkins had left the house. After Kendra called him several times, he returned to the house. He had mud on the right knee of his gray sweatpants. *See* State's Exs. 10, 11. When police searched the house, they found a muddy steak knife on the washing machine. *Id.* at 7, 8, 9.

The State charged Hawkins with Class A misdemeanor criminal mischief. At Hawkins's bench trial, Ashley testified that her tires were not damaged before her argument with Hawkins and when she saw him kneeling next to her car, she thought she saw a knife in his hand, though she could not be sure. *See* Tr. p. 16, 19. Ashley and Hawkins also gave contradictory testimony about the sliced tires. Ashley testified that she and Hawkins bought the used tires on her SUV for fifty dollars, and she paid at least half of that amount. *Id.* at 29-30. Hawkins testified that the tires cost seventy dollars and Ashley had not paid any of that amount. *Id.* at 55-56, 58.

The trial court found Hawkins guilty of Class B misdemeanor criminal mischief. He was sentenced to time served and ordered to pay seventy-five dollars in restitution.

Hawkins now appeals.

**Discussion and Decision**

Hawkins argues that the evidence is insufficient to support his conviction for Class B misdemeanor criminal mischief.

When reviewing the sufficiency of the evidence, we neither reweigh the evidence nor determine the credibility of witnesses. *Bailey v. State*, 979 N.E.2d 133, 135 (Ind. 2012). We look solely to the evidence most favorable to the judgment and all reasonable inferences to be drawn therefrom. *Id.* A conviction will be affirmed if the probative evidence and reasonable inferences to be drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. *Id.*

In order to convict Hawkins of Class B misdemeanor criminal mischief, the State was required to prove that he "recklessly, knowingly, or intentionally damage[d] or

3

deface[d] the property of another person without the other person's consent." Ind. Code § 35-43-1-2(a)(1). "A person engages in conduct 'recklessly' if he engages in conduct in plain, conscious, and unjustifiable disregard of harm that might result and the disregard involves a substantial deviation from acceptable standards of conduct." Ind. Code § 35-41-2-2(c). "A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so." I.C. § 35-41-2-2(b). Finally, "a person engages in conduct 'intentionally' if, when he engages in the conduct, it is his conscious objective to do so." I.C. § 35-41-2-2(a). The trial court, acting as the trier of fact, may resort to reasonable inferences based on examination of the surrounding circumstances to determine the existence of the requisite intent. *White v. State*, 772 N.E.2d 408, 413 (Ind. 2002). Furthermore, "the requisite intent may be presumed from the voluntary commission of the act." *Mishler v. State*, 660 N.E.2d 343, 348 (Ind. Ct. App. 1996).

The evidence most favorable to the judgment is sufficient to sustain Hawkins's conviction. At trial, Ashley testified that she and Hawkins had been arguing all day and that the argument turned violent that night, with Hawkins shoving and choking her and threatening to "slice her tires" if she left the house. When Ashley went outside to put her belongings in her SUV, she saw Hawkins crouched on one knee next to her front passenger-side tire. She thought she saw a knife in his hand, though she could not be sure. Hawkins then stood up and walked around to the back of the house. Kendra heard a hissing sound coming from Ashley's tires, and Ashley saw her tires deflating. When police questioned Hawkins, he was wearing gray sweatpants with mud on the right knee,

4

and police found a muddy steak knife on the washing machine in Hawkins's house. Although Hawkins argues that no one saw him in the act of slashing Ashley's tires, the trial court could reasonably conclude from the circumstantial evidence in the record that Hawkins was angry with Ashley and had acted on his earlier threat to slice her tires. *See Rohr v. State*, 866 N.E.2d 242, 249 (Ind. 2007) (circumstantial evidence is sufficient to support a conviction if inferences may reasonably be drawn that enable the trier of fact to find the defendant guilty beyond a reasonable doubt).

Hawkins also argues that the evidence is insufficient to convict him because he testified at trial that he paid for the tires and thus, they were his property, not Ashley's. But Ashley directly contradicted Hawkins by testifying that she and Hawkins bought the used tires on her SUV for fifty dollars, and she paid at least half that amount. The trial court considered this conflicting testimony and determined that the State presented sufficient evidence to prove that Hawkins committed Class B misdemeanor criminal mischief. We agree. Hawkins's claim to the contrary amounts to an invitation for this Court to reweigh the evidence and assess the credibility of witnesses, which we may not do.

Affirmed.

RILEY, J., and MAY, J., concur.