**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**DAVID W. STONE IV**
Stone Law Office & Legal Research
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TRAVIS LUNSFORD, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  27A04-1403-CR-143 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE GRANT SUPERIOR COURT
The Honorable Warren Haas, Judge
Cause No. 27D03-1201-FD-37

**January 15, 2015**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Travis Lunsford appeals his convictions for operating a motor vehicle while privileges are suspended,[1] a class D felony, resisting law enforcement,[2] a class D felony, and failure to stop after an accident resulting in non-vehicle damage,[3] a class B misdemeanor. Lunsford argues that the trial court erred in admitting statements he believes were obtained in violation of his rights under the United States Constitution because he was subjected to custodial interrogation without being given Miranda[4] warnings. He also argues that the trial court erred in excluding certain evidence he sought to introduce regarding the prior acts of a police officer at the scene of the accident. Finding no error, we affirm.

## FACTS

On January 21, 2012, at least six inches of snow had fallen in Grant County and road conditions were hazardous. That evening, Lunsford phoned his friend, Tony Bright, and asked if he would like to go for a ride. Both men had suspended driver's licenses at the time. Lunsford drove his father's pickup truck to Bright's house and picked him up. The two then stopped at a liquor store and picked up a twelve-pack of beer. They each took a beer out of the package to drink in the car and continued on their way with Lunsford behind the wheel.

A short while later, Lunsford attempted to pass a truck in a no-passing zone. Officer Austin Lamb of the Fairmount Police Department witnessed this and attempted to

---

[1] Ind. Code § 9-30-10-16.
[2] Ind. Code § 35-44.1-3-1.
[3] Ind. Code § 9-26-1-4.
[4] Miranda v. Arizona, 384 U.S. 436 (1966).

make a traffic stop. Lunsford saw the officer behind him with his lights on. He initially slowed the car down to pull over but suddenly reconsidered, taking off down the road at a high rate of speed. The two did not get very far before Lunsford lost control of the truck, which flew off the side of the road, struck a mailbox, and flipped over in a field.

Officer Lamb radioed to dispatch and ran towards the overturned truck. Inside the truck, he found Bright, who had been wearing his seatbelt and had just recently regained consciousness. Lunsford was no longer in the truck. Bright crawled out of the truck and told Officer Lamb that Lunsford had been driving and that they needed to look for him. Bright was worried that Lunsford may have been underneath the truck. Bright gave Officer Lamb Lunsford's cellphone number but this was unhelpful as Lunsford's cellphone remained in the driver's side of the truck.

Grant County Sheriff's Deputy Jason Ewer responded to the scene and began to assist in the search for Lunsford. Some footprints had been found leading away from the truck. Deputy Ewer could tell from the long strides that whoever left the footprints had been running. He followed the footprints for awhile before becoming tired and being picked up by a fire department vehicle that had arrived on the scene. The vehicle continued to follow the footprints until Deputy Ewer spotted Lunsford trying to cross a road. He approached Lunsford and asked him if he was "alright from the accident." Appellant's Br. p. 9. Lunsford stated that he was alright but that his arm hurt from an unrelated injury. Lunsford was taken back to the scene of the accident and then taken to a hospital.

3

On January 23, 2012, the State charged Lunsford with class D felony operating a vehicle while privileges are suspended, class D felony resisting law enforcement, and class B misdemeanor failure to stop after an accident resulting in non-vehicle damage. Lunsford filed a motion to suppress the statements he made to Deputy Ewer after the deputy asked Lunsford if he was alright. The trial court denied this motion. At trial, Lunsford attempted to introduce evidence that Officer Lamb had been fired from two police departments for insubordination and for failing to perform his duties adequately. The trial court refused to allow Lunsford to introduce this evidence.

On January 29, 2014, a jury trial was held and Lunsford was found guilty as charged. The trial court sentenced Lunsford to a total executed term of three years imprisonment. Lunsford now appeals.

DISCUSSION AND DECISION

Lunsford appeals the trial court's decisions to both admit and exclude certain evidence. The decision to admit or exclude evidence rests within the sound discretion of the trial court and we will reverse only for an abuse of discretion. Crocker v. State, 989 N.E.2d 812, 818 (Ind. Ct. App. 2013). An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances before it or if it has misinterpreted the law. Id.

Lunsford first argues that the trial court erred in admitting statements Lunsford made to Deputy Ewer before he was given Miranda warnings. The purpose of Miranda warnings is to secure the constitutional right against self-incrimination under the Fifth

4

and Fourteenth Amendments to the United States Constitution. J.D. v. State, 859 N.E.2d 341, 345 (Ind. 2007). These warnings are necessary because "'the process of in-custody interrogation of persons suspected or accused of crime contains inherently compelling pressures which work to undermine the individual's will to resist and to compel him to speak where he would not otherwise do so freely.'" Id. (quoting Miranda, 384 U.S. at 467). Accordingly, such warnings are required only if the suspect is subjected to custodial interrogation. Hicks v. State, 5 N.E.3d 424, 428-29 (Ind. Ct. App. 2014). "Any statement given freely and voluntarily without any compelling influences is . . . admissible in evidence." Miranda, 384 U.S. at 478.

At trial, Lunsford sought to exclude statements he made to Deputy Ewer after the deputy located Lunsford and asked him if he was "alright from the accident." Appellant's Br. p. 9. We first consider whether Lunsford was in custody. In determining whether a person is in custody, "our ultimate inquiry is whether there is a formal arrest or a restraint of the freedom of movement of the degree associated with formal arrest." Hicks, 5 N.E.3d at 429. We look to how a reasonable person in the suspect's shoes would understand the situation. Id. Here, Lunsford was not in handcuffs, nor was he told that he was under arrest or that he was not free to leave. Appellant's Br. p. 8. We find that a reasonable person in Lunsford's situation would not have felt his freedom restrained merely because an officer had shown concern for his physical condition and inquired into it. Because Lunsford was not in custody at the time of the inquiry, no Miranda warnings were required.

Moreover, we note that Lunsford was not being interrogated. Interrogation, for Miranda purposes, includes "express questioning or words or actions on the part of the police that the police know are reasonably likely to elicit an incriminating response from the suspect." White v. State, 772 N.E.2d 408, 412 (Ind. 2002). Here, Deputy Ewer asked Lunsford if he was "alright from the accident." Appellant's Br. p. 9. Lunsford does not argue that this question was reasonably likely to elicit an incriminating response. Although Lunsford's response implied that he had been involved in the accident, Lunsford was not likely to announce that he was the driver of the vehicle upon hearing the question. And indeed, Lunsford's response shed no light on whether he was the driver of the vehicle. Therefore, Deputy Ewers's question was not an interrogation. Because Lunsford was neither in custody nor being interrogated, both of which must be the case to necessitate Miranda warnings, no such warnings were required, and the trial court did not err in admitting Lunsford's statements.

Lunsford next argues that the trial court erred in excluding evidence that Officer Lamb, who was at the scene and who wrote the police report on the incident, had been discharged from two different police departments prior to the date of trial, once for neglect of duty and once for insubordination. Lunsford argues that the evidence was relevant to the issue of Officer Lamb's credibility.

Specifically, Lunsford argues that, had the jury been informed that Officer Lamb had been previously discharged for neglect of duty, it would have bolstered his claim that Officer Lamb neglected his duty in this case. Appellant's Br. p. 17-18. "Evidence is

6

relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Ind. Evidence Rule 401.

At trial, Lunsford cross-examined Officer Lamb to elicit testimony that he did not take adequate photographs or measurements at the scene. Tr. p. 40-49. Evidence of Officer Lamb's previous failures could not have made it more or less probable that he performed deficiently in this case because Lunsford had already elicited testimony supporting his contention that Officer Lamb had performed deficiently in this case. Thus, evidence of Officer Lamb's prior discharges fails to pass the relevance test.

Furthermore, we do not see how Lunsford was prejudiced as a result of the exclusion of this evidence. Even if the trial court erred in excluding the evidence, we will not reverse unless the error prejudiced Lunsford's substantial rights. Ind. Trial Rule 61. In determining whether error in an evidentiary ruling affected a defendant's substantial rights, we look to the probable impact of the evidence on the jury. Crocker, 989 N.E.2d at 822. The ultimate question in this case was whether Lunsford was the driver of the truck. Officer Lamb neither saw Lunsford driving nor did Lunsford admit to Officer Lamb that he had been driving. While Officer Lamb's testimony helped to set the scene for the jury, it could not have substantially influenced the jury's conclusion as to who was driving the truck. Because evidence meant to attack Officer Lamb's credibility would have had no substantial effect on the jury's resolution of the ultimate issue, Lunsford was not prejudiced as a result of its exclusion.

7

The judgment of the trial court is affirmed.

VAIDIK, C.J., and RILEY, J., concur.