## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 12 2015, 10:37 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Yvette M. LaPlante
Keating & LaPlante, LLP
Evansville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Larry A. Jones,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

May 12, 2015

Court of Appeals Case No.
82A04-1410-CR-481

Appeal from the Vanderburgh Superior Court; the Honorable Leslie C. Shively, Judge;
82D01-1105-FA-543

**May, Judge.**

[1] Larry A. Jones appeals his conviction of Class B felony unlawful possession of a handgun by a serious violent felon.[1]

[2] We affirm.

## Facts and Procedural History

[3] On May 19, 2011, Shareka Bentley called the police to report Larry Jones, a convicted felon, possessed a handgun in her home. The next day, police obtained a search warrant to search her home and found a handgun concealed in a Crown Royal bag under the mattress of the bed Bentley and Jones shared. Jones was arrested, and, in a post-arrest interview, admitted he was a felon and he had been in possession of the handgun, though he claimed he just moved it around the house.

[4] Based thereon, the State charged Jones with Class B felony unlawful possession of a firearm by a serious violent felon.[2] Prior to trial, Jones dismissed two different attorneys, and then he elected to proceed pro se at his trial. At trial, Jones stipulated he was prohibited from possessing a firearm pursuant to Ind. Code § 35-47-4-5. The State presented for admission into evidence a videotape

---

[1] Ind. Code § 35-47-4-5 (2006).

[2] Based on separate evidence, the State also charged Jones with Class A felony dealing in cocaine. The two charges were bifurcated, and Jones was separately tried and convicted of Class A felony dealing in cocaine on September 27, 2013. We affirmed that conviction. *Jones v. State*, 82A04-1312-CR-627 (Ind. Ct. App. July 24, 2014), *trans. denied*.

of Jones' post-arrest interview. Jones objected, and the trial court overruled his objections. The jury found Jones guilty as charged.

## Discussion and Decision

We typically review allegations of error in the admission of evidence for an abuse of discretion, which occurs only when the trial court's ruling is "clearly against the logic, facts, and circumstances presented." *Kindred v. State*, 973 N.E.2d 1245, 1252 (Ind. Ct. App. 2012), *trans. denied*. We consider only the evidence in favor of the trial court's ruling, *Sallee v. State*, 777 N.E.2d 1204, 1210 (Ind. Ct. App. 2002), *trans. denied*, and we will not reverse the decision to admit or exclude evidence if that decision is sustainable on any ground. *Crawford v. State*, 770 N.E.2d 775, 780 (Ind. 2002).

Jones argues the trial court abused its discretion when it admitted Jones' videotaped interview with police wherein he admitted he was "a felon in possession of a handgun." (Tr. at 181.) On appeal, Jones argues some of the officer's statements in the recording were inadmissible under Indiana Evidence Rule 704, which states in relevant part:

> (a) In General - Not Automatically Objectionable. Testimony in the form of an opinion or inference otherwise admissible is not objectionable just because it embraces the ultimate issue.

> (b) Exception. Witnesses may not testify to opinions concerning intent, guilt, or innocence in a criminal case; the truth or falsity of allegations; whether a witness testified truthfully; or legal conclusions.

However, Jones objected on different grounds during trial, and thus his argument on appeal is waived. *See White v. State*, 772 N.E.2d 408, 411 (Ind.

2002) (a party "may not object on one ground at trial and raise a different ground on appeal").

[7] Waiver notwithstanding, any error in the admission of the videotaped interview was harmless. "The improper admission of evidence is harmless error when the reviewing court is satisfied that the conviction is supported by substantial independent evidence of guilt so that there is no substantial likelihood that the challenged evidence contributed to the conviction." *Meadows v. State*, 785 N.E.2d 1112, 1121 (Ind. Ct. App. 2003), *trans. denied*. Bentley testified she saw Jones place the handgun under the mattress in the bedroom she shared with Jones; at trial, Jones stipulated he was prohibited from possessing a firearm pursuant to Ind. Code § 35-47-4-5; and Jones' driver's license and car keys were found in the vicinity of the handgun. Therefore, the State presented sufficient independent evidence of Jones' guilt, and any error in the admission of the videotaped interview was harmless. *See Bowens v. State*, 24 N.E.3d 426, 429 (Ind. Ct. App. 2014) (stipulation it was unlawful for defendant to possession firearm under Ind. Code § 35-47-4-5 sufficient to prove he was a serious violent felon and thus guilty of unlawful possession of a firearm by a serious violent felon); *and see Mack v. State*, 23 N.E.3d 742, 758 (Ind. Ct. App. 2014) (Mack guilty of possession of a firearm despite the fact he did not live in the house where the handgun was found because his personal effects were found in the same bedroom as the gun). Accordingly, we affirm Jones' conviction of Class B felony unlawful possession of a handgun by a serious violent felon.

[8] Affirmed.

Robb, J., and Mathias, J., concur.