## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 28 2020, 10:38 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Clifford M. Robinson
The Law Office of
Clifford M. Robinson, LLC
Rensselaer, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Josiah Swinney
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Lavontae Lee,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

July 28, 2020

Court of Appeals Case No.
20A-CR-687

Appeal from the Newton Superior Court

The Honorable Daniel J. Molter, Judge

Trial Court Cause No.
56D01-1706-F6-85

**Baker, Judge.**

[1]  Lavontae Lee appeals his convictions for Level 6 Felony Resisting Law Enforcement,[1] Class A Misdemeanor Dealing in Marijuana,[2] Class B Misdemeanor Possession of Marijuana,[3] and Class C Misdemeanor Reckless Driving.[4] He argues that the trial court gave an erroneous jury instruction and that the evidence is insufficient to support his conviction for dealing in marijuana. Finding no error and sufficient evidence, we affirm.

## Facts

[2]  On June 24, 2017, Newton County Sheriff's Deputy Jack Fellmy was monitoring traffic on a portion of U.S. 41 on which the posted speed limit was sixty miles per hour. Deputy Fellmy observed an individual on a motorcycle, later identified as Lee, travelling together with a Dodge Charger. The deputy noted that the two vehicles were traveling the same speed, the motorcycle was right behind the Charger, and the motorcycle was "staying with" the other vehicle. Tr. Vol II. p. 34.

[3]  Deputy Fellmy's radar showed that the Charger was traveling eighty-eight miles per hour, so he initiated a traffic stop of both vehicles. Both vehicles stopped, but as soon as the deputy stepped out of his vehicle, Lee drove away on the

---

[1] Ind. Code § 35-44.1-3-1(a)(3).

[2] Ind. Code § 35-48-4-10(a)(2).

[3] I.C. 35-48-4-11(a)(1).

[4] Ind. Code § 9-21-8-52(a)(1).

motorcycle. A chase ensued, and Lee reached speeds as high as 130 miles per hour. Eventually, Lee lost control of his motorcycle in a ditch. He struggled with the officer who approached him, but was eventually contained and arrested.

[4] Another deputy arrived and smelled the odor of raw marijuana emanating from the motorcycle. Inside of a compartment directly under the seat, the deputy found three separately packaged small baggies containing marijuana and another, larger bag of a substance that tested positive for THC. A deputy later testified that in his experience, packaging marijuana this way usually indicated that it was "for distribution[.]" *Id.* at 62. The small baggies had Nike Swoosh symbols on the outside. Lee told the arresting officer that he had been driving to the "US 41 Dragstrip" before he was stopped. *Id.* at 47.

[5] Back at the initial stop, the driver of the Charger told the deputy that he had been on his way to the "US 41 Motor Speedway[.]" *Id.* at 32. That driver was carrying several small baggies of marijuana. The small bags had Nike Swoosh symbols on the outside and were "consistent with dealing illegal drugs." *Id.* The Charger also held a "bulk bag" of marijuana and a large sum of cash. *Id.*

[6] On June 30, 2019, the State charged Lee with Level 6 felony resisting law enforcement, Class A misdemeanor dealing in marijuana, Class B misdemeanor possession of marijuana, and Class C misdemeanor reckless driving. A jury found Lee guilty as charged on October 28, 2019. On March 2, 2020, the trial court sentenced Lee to an aggregate eighteen-month term. Lee now appeals.

# Discussion and Decision

## I.  Jury Instruction

First, Lee argues that the trial court gave a fundamentally erroneous jury instruction.  Instruction of the jury is left to the sound discretion of the trial court and we will reverse only if a questioned instruction is erroneous and the instructions as a whole misstate the law or otherwise mislead the jury.  *Munford v. State*, 923 N.E.2d 11, 14 (Ind. Ct. App. 2010).

The instruction at issue stated as follows: "[t]he flight of a person immediately after the commission [sic] for which he is charged, if there was such flight, is a circumstance which may be considered by you in connection with all the other evidence to aid you in determining his guilt or innocence."  Tr. Vol. II p. 81.  Lee's counsel had stated "[n]o objection" in response to this instruction.  *Id.* at 71.  Therefore, Lee must show that the instruction was fundamentally erroneous.  The fundamental error exception is extremely narrow and applies only when the error constitutes a blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental due process and renders a fair trial impossible.  *Halliburton v. State*, 1 N.E.3d 670, 678 (Ind. 2013).

Lee directs our attention to *Dill v. State*, 741 N.E.2d 1230 (Ind. 2001).  In that case, our Supreme Court considered an "inherently contradictory" jury instruction that "simultaneously inform[ed] the jury that a person's flight after the commission of a crime is 'not proof of guilt' but yet is 'evidence of

consciousness of guilt' and 'may be considered.'" *Id.* at 1232. Ultimately, the *Dill* Court found that the "flight instruction [was] confusing, unduly emphasize[d] specific evidence, and [was] misleading" and held that it was erroneous to give the instruction. *Id.* at 1233. In the end, however, the Court concluded that the error did not require reversal because "a reasonable jury could not properly have acquitted the defendant and would have rendered a guilty verdict even if the erroneous flight instruction had not been given." *Id.* at 1234.

[10]  Initially, we note that the instruction in this case is dissimilar enough from the confusing instruction in *Dill* that we do not believe that it was erroneous. Even if there was error, however, we would find that the error was harmless given the evidence in the record supporting Lee's guilt:

- Lee, on his motorcycle, and the other driver, in the Charger, were driving in tandem. They were speeding and heading to the same destination.
- When Lee was finally stopped and arrested, deputies found a large bag of marijuana and several small baggies of marijuana that had a Nike swoosh on the outside. A deputy testified that this method of packaging indicated that the substance was intended for distribution.
- The driver of the Charger was likewise found to have small baggies of marijuana bearing the Nike swoosh. The Charger also held a bulk bag of marijuana and a large sum of cash.

As in *Dill*, given this record, even if the erroneous flight instruction had not been given, we believe that a reasonable jury could not properly have acquitted Lee and would have rendered a guilty verdict. Therefore, we decline to reverse on this basis.

# II. Sufficiency

[11] Next, Lee argues that the evidence supporting his conviction for Class A misdemeanor dealing in marijuana is insufficient. When considering a claim of insufficient evidence, we will consider only the probative evidence and reasonable inferences supporting the verdict. *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005). We will neither assess witness credibility nor reweigh the evidence, and will affirm if the probative evidence and reasonable inferences drawn from that evidence could have allowed a reasonable factfinder to find the defendant guilty beyond a reasonable doubt. *Id.*

[12] To convict Lee of Class A misdemeanor dealing in marijuana, the State was required to prove beyond a reasonable doubt that Lee possessed marijuana, with the intent to deliver it. I.C. § 35-48-4-10(a)(2). Lee argues that there is insufficient evidence establishing that he had the intent to deliver the marijuana. "Intent, being a mental state, can only be established by considering the behavior of the relevant actor, the surrounding circumstances, and the reasonable inferences to be drawn from them." *Davis v. State*, 791 N.E.2d 266, 270 (Ind. Ct. App. 2003).

[13] Here, the evidence in the record shows that Lee possessed three small baggies of marijuana with Nike swooshes on them and a bulk bag of marijuana. He was riding to a racetrack in tandem with another individual, whose vehicle held

marijuana in the same packaging and a large sum of cash.[5] Lee also led police on a high-speed chase after he was initially pulled over.

[14] A deputy testified that, based on his training and experience, marijuana packaged in the way it was found in the motorcycle and Charger supports a conclusion that Lee intended to deliver the marijuana rather than use it himself. *See White v. State*, 772 N.E.2d 408, 413 (Ind. 2002) (finding that separate plastic baggies containing crack cocaine supported inference that defendant intended to deliver the drugs). Additionally, the bulk bag of marijuana, Lee's proximity to another driver with similar contraband heading to the same location, and Lee's flight from police supported an inference that Lee intended to deliver the drugs. A reasonable factfinder could conclude, based on this evidence, that Lee was guilty beyond a reasonable doubt. Lee's arguments to the contrary amount to requests that we reweigh the evidence, which we may not and will not do. The evidence is sufficient.

[15] The judgment of the trial court is affirmed.

Bailey, J., and Vaidik, J., concur.

---

[5] Lee argues that evidence related to the Charger's driver implicated protections afforded to co-defendants in joint trials under the Confrontation Clause. Initially, we note that Lee did not object on this basis below. Furthermore, there was no joint trial in this case, nor were out-of-court statements made by the other driver admitted into evidence. Lee had a full opportunity to cross-examine the detective who testified about the situation involving the Charger. Therefore, he is not entitled to relief on this basis.